[Civil No. 1443.  Filed June 28, 1915.]

[149 Pac. 749.]

## J. W. BENNIE, Appellant, v. THE BECKER–FRANZ COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR — FORMER JUDGMENT — LAW OF CASE.—A judgment on a former appeal becomes the law of the case on a subsequent appeal.

2. ESTOPPEL—EQUITABLE ESTOPPEL.—Where plaintiff refused to allow defendant to exercise his option to convey part of mining claims, the fact that defendant did not tender a deed duly executed cannot be taken advantage of, as the law does not require a vain thing.

    [As to what is equitable estoppel, see note in 134 **Am. St. Rep.** 172.]

3. VENDOR AND PURCHASER—MINING CLAIMS—SALE—PERFORMANCE—WAIVER.—Plaintiff contracted to convey certain mining claims to defendant, payments to be made at stipulated times. Thereafter the two co-operated in litigation between plaintiff and a third person to defeat an adverse claim. The contract authorized defendant to convey plaintiff an interest in the claims in lieu of the last payment. Defendant was in possession at the time the last payment became due, and plaintiff did not demand performance or formally declare a forfeiture. *Held*, that strict performance of the contract was waived, and plaintiff could not thereafter forfeit defendant's rights without giving him an opportunity to pay the balance of the price or to convey the interest specified.

APPEAL from a judgment of the Superior Court of the County of Greenlee.  F. B. Laine, Judge.  Reversed and remanded, with directions.

Messrs. Armstrong & Lewis  and  Mr. R. L. Morgan, for Appellant.

Mr. L. Kearney and Mr. J. E. Morrison, for Appellee.

FRANKLIN, J.—The necessities of this appeal call for no addition to the facts as stated on the former appeal.  See *Bennie* v. *Becker-Franz Co.*, 14 Ariz. 580, 134 Pac. 280.

The judgment of this court on that appeal is the law of the case, and any conclusion of the court below which is contrary to that of this court must, of course, be disregarded.  The

complexities of the case are, therefore, by the decision of this court on the former appeal, reduced to the minimum. It has been determined that time is of the essence of the contract in question; also, that there has been a waiver on the part of the appellee of his right to declare a forfeiture; and that he may not be heard to declare a forfeiture subsequent to the waiver, until the right thereto has been revived, by notice or otherwise, demanding performance of the conditions of the contract upon the part of the appellant, and then only after a reasonable time has elapsed without the conditions being so performed. We were moved to determine a waiver of the essence clause of the agreement mainly upon the ground that after July 31, 1909, the appellee and appellant were co-operating in an effort to clear up the title to the property, the one paying 49 per cent and the other paying 51 per cent of the expense of a lawsuit prosecuted in the name of the appellee.

A finding of the lower court is as follows:

"That the defendant herein failed and neglected to exercise his right to complete his purchase of said mining property on or before the 31st day of July, 1909, by the payment of the sum of $6,250 as agreed, and failed and neglected to transfer and convey unto the said plaintiff herein, its successors or assigns, at any time prior to the 31st day of July, 1909, a 49/100 interest in and to said property in lieu of the payment of the said sum of $6,250 in accordance with the terms of his contract.

"That in November, 1910, the plaintiff demanded that defendant fulfill his contract, and in December, 1910, plaintiff again gave defendant full opportunity to comply with the contract and save himself harmless; but the defendant made no effort to do so until January 15, 1912."

The last paragraph of this finding has no support whatever in the evidence. The appellee could declare no forfeiture without giving appellant a reasonable opportunity to pay the balance of the agreed purchase, or, at his election in lieu thereof, to convey to appellee 49/100 interest in the property. Under the contract the appellant had the option either to pay the balance of the agreed purchase price in money, or in lieu thereof to convey to appellee 49/100 interest in the property. In the words of the contract:

.

"In lieu of the payment of the said sum of six thousand two hundred fifty dollars ($6,250.00) which is to become due on that date (July 31st, 1909) in accordance with the terms of this contract, and the said party of the first part (appellee) agrees to accept such forty-nine one-hundredths (49/100) interest in full settlement of such payment so due."

As we have said, no default occurred on July 31, 1909, by reason of the waiver. No default then could occur so that the appellee could declare a forfeiture until after the judgment in the Sierra de Oro litigation was rendered. Both parties were actively co-operating in this litigation. Pending a fulfillment of the terms of the contract on the part of appellant, the title papers had been placed in escrow. The undisputed evidence discloses that appellee declared the forfeiture without giving appellant such an opportunity. Mr. Franz, of the appellee company, said that he did not make any demand on appellant before the expiration of the contract, that the expiration of the contract, the final expiration, was December 1, 1910, that was his construction of it. Mr. Franz further says:

"I saw him (appellant) in Col. Egan's office during the month of December, 1910. The first thing said was, he spoke to me and said, 'I understand you claim that I have no right or title in the Weaver property.' I said, 'That is my contention.' He said, 'We are willing to give you a deed now for 49/100 of this property.' I said, 'The time has expired for that,' and I would not accept the deed at that time, but 'rather than have any trouble and litigation over this thing, you can give me $5,000 or $5,500'—I have forgotten the exact amount, one of the two—'and I will turn over the deed to the property to you, and if you have not the money I will take your note.'"

On December 12, 1910, Mr. Franz withdrew the title papers from the escrow holder claiming appellant's rights had been forfeited. Afterward, and during the month of December, 1910, Mr. Kearney, attorney for appellee, at the request of Mr. Franz, went to appellant for the purpose of getting a compromise in the matter, and explained to appellant that he had forfeited his rights. In fine, the evidence is clear that appellee attempted to declare a forfeiture without giving appellant any opportunity whatever to either pay the balance

of the purchase price in money, or in lieu thereof to convey to appellee a 49/100 interest in the property. It is also clear that when Mr. Franz in the early part of December, 1910, went to appellant, not for the purpose of demanding a performance of the contract, but for the purpose of getting a compromise in the way of money, the appellant elected to exercise his option to convey the 49/100 interest in lieu of the payment of money, which offer was flatly refused. The answer to the offer was, ''The time has expired for that.''

Appellee complains that appellant's offer amounted to nothing because it was not accompanied with the tender of a formal deed. He was told that appellee would not accept the deed, and under such a state of facts the futility of making a formal tender is apparent. There was ample excuse for his failure to make an actual tender of the deed, for he was told by appellee that it would not receive it. Under the circumstances of this case and upon the doctrine of equitable estoppel, there is a preclusion which prevents the appellee from asserting a right based upon the failure to do a thing which would have been done but for its own conduct in the premises. The law does not require one to do a vain or useless thing. The appellant has paid $6,250 upon the purchase price of the property, upon which in addition he has spent a large sum of money, besides contributing 51 per cent of the cost of an expensive litigation. His rights should not be declared forfeited in the absence of compelling circumstances dictating such a declaration. A careful examination of the record convinces us that appellee wanted the money payment called for by the contract, and did not want the appellant to elect and exercise his option to make in lieu of such payment the conveyance of a 49/100 interest. But this election was a right preserved to appellant by the agreement, and he cannot be denied this right without an opportunity to exercise it, and upon the opportunity occurring he did exercise his option to convey the interest in lieu of the money payment, and, having complied with his contract, his interest must be respected and protected.

While the legal title is in the appellee, equitably the appellant is the owner of a 51/100 interest in it. There have been two trials of this case in the court below and two appeals here, with attendant expense and delay. The judgment of

this court on the former appeal is the law of the case, and, in view of the facts as now presented in the light of the law of the case as determined by this court, it is apparent that the superior court should have rendered a different judgment. It becomes appropriate under the statute that we now write *finis* in the litigation, and to that end proceed to render here such a judgment or order as the court below should have rendered.

It is therefore hereby ordered, adjudged and decreed:

1. That the Becker-Franz Company, a corporation, the appellee, is the owner of an undivided 49/100 of the property hereinafter described, and its title thereto is established and quieted against any and all claims, demands or pretensions of J. W. Bennie, the appellant.

2. That J. W. Bennie, the appellant, is the owner of an undivided 51/100 of the property hereinafter described, and his title thereto is established and quieted against any and all claims, demands or pretensions of the Becker-Franz Company, a corporation, the appellee.

3. The property affected by this judgment and decree is described as follows, to wit: The following described mines and mining claims, situated in Greenlee Gold Mountain mining district, in Greenlee county, state of Arizona, the location notices of which, and amended location notices thereof, are recorded and of record in the office of the county recorder of the county of Graham, state of Arizona, in the books and pages of the records of mines, of said Graham county, to wit: L. C., Book 13, pp. 442–443; amended location in Book 20, p. 566. Maggie Lee, Book 14, p. 335; amended location in Book 20, p. 568. Blue Mule, Book 14, p. 331; amended location in Book 20, p. 569. Commerce, Book 13, p. 382; amended location in Book 20, p. 570. Copper Peak, Book 14, p. 334; amended location in Book 20, p. 571. Tenderfoot, Book 13, pp. 383, 384; amended location in Book 20, p. 572. Copper Wedge, Book 17, p. 381; amended location in Book 20, p. 573. Rattle Snake, Book 14, p. 335; amended location in Book 20, p. 574. Jim Crow, Book 13, p. 442; amended location in Book 20, p. 575. Yellow Jacket, Book 15, p. 481; amended location in Book 20, p. 576. Last Chance, Book 14, p. 332; amended location in Book 20, p. 577. Joplin M., Book 13, p. 383; amended location in Book 20, p. 578. Victoria, Book

17, p. 382. Prospectors Home, Book 16, p. 69. Franklin Mill-Site, in Book 1, of Mill-Sites at p. 180. That the said location notices are now of record in the office of the county recorder of the county of Greenlee, state of Arizona, in the transcribed records of mines of said Greenlee county.

4. That J. W. Bennie, the appellant, take nothing further, either by way of his answer and cross-complaint or by way of his complaint in the consolidated action designated in the court below as Consolidated Case No. 54-B.

Reversed and remanded, with direction to enter a judgment and decree in accordance herewith.

Appellant recovers his costs in this court, and each party pays his costs in the court below.

Reversed and remanded.

ROSS, C. J., and CUNNINGHAM, J., concur.