[Civil No. 2306. Filed June 27, 1925.]

[237 Pac. 382.]

ALICE E. HUDSPETH, as Guardian of the Person and Estate of WILLIAM C. HUDSPETH, an Incompetent Person, Appellant, v. BLUE BAR TAXICAB & TRANSFER COMPANY, a Corporation, Appellee.

1. APPEAL AND' ERROR—MERITS OF ORIGINAL CASE AND FORMER DECISION OF SUPREME COURT NOT CONSIDERED ON APPEAL FROM JUDGMENT THEREON.—On appeal from judgment on Supreme Court's opinion on former appeal, Supreme Court cannot consider merits of original case, nor reconsider its former decision, which was binding on trial judge.

2. APPEAL AND ERROR—JUDGMENT FOR DEFENDANT ON REMAND HELD REQUIRED BY SUPREME COURT'S OPINION ON FORMER APPEAL.—Supreme Court's holding, that under undisputed evidence that defendant's taxicab driver, to passenger's knowledge, had no authority to drive into country, where injury to passenger occurred, defendant was not liable, *held* conclusive on trial court, which could only render judgment for defendant on remand.

See (1) 4 **C. J.**, p. 1095.    (2) 4 **C. J.**, p. 1221.

APPEAL from a judgment of the Superior Court of the County of Pima. S. L. Pattee, Judge. Affirmed.

Messrs. Richey & Richey, Mr. Kirke T. Moore and Mr. Elwood B. Frawley, for Appellant.

Mr. R. E. Sloan, Mr. C. R. Holton, and Mr. Greig Scott, for Appellee.

LOCKWOOD, J.—In November, 1920, Alice E. Hudspeth, as guardian of her husband, W. C. Hudspeth, an incompetent person, filed suit in the superior court of Pima county for damages for injuries sus-

1.   See 2 **R. C. L.** 223.
2.   See 2 **R. C. L.** 289.

tained by her ward, while a passenger in one of appellee's taxicabs. She recovered judgment in that court, and defendant appealed. The case was reversed here in *Blue Bar Taxicab & Transfer Co. v. Hudspeth*, 25 Ariz. 287, 216 Pac. 246, and the case remanded to the trial court, but no specific direction was given as to what action it should take after the remand.

In January, 1924, the defendant company moved for judgment in its favor in the trial court on the opinion of this court, which motion was duly granted, and, from this latter judgment this appeal has been taken.

It is, of course, apparent that we may not in this particular proceeding consider the merits of the original case, or reconsider our former decision. The law laid down therein was binding on the trial judge, and it was his duty to take such proceedings as were in accordance with that opinion. The decision turned wholly on whether or not plaintiff's incompetent knew the driver of the taxicab had no authority to go out of the city with the car. If he did, under the law as we therein determined it, defendant could in no way be liable; if he did not, there was a case for the jury.

We held there was reversible error in letting the fact that defendant carried some form of liability insurance become known to the jury, and that such error would require a new trial, and also that a certain instruction refused by the court should have been given. Had these been the only matters determined by the opinion, the trial court should, and doubtless would, have granted a new trial, but in addition to this, after stating that defendant was not liable for the acts of the driver outside the scope of his employment, if Hudspeth knew he was acting outside of such scope, we further said:

"All the facts and circumstances upon which the authority of the driver rested are fully disclosed by the evidence, and are undisputed. . . . The legal effect of undisputed evidence is for the court to decide. . . . Hudspeth knew the driver was without authority to take it to the place of the accident: . . . Leaving out of the equation the expressed agreement between the sheriff and the defendant, under which it is conceded the cab was furnished at the time of the accident, and considering the problem solely from the standpoint of the driver's authority to take the cab, whether that authority was communicated, as it is admitted it was done, to Hudspeth or not, we must come inevitably to the conclusion the defendant was not liable. . . . In the present case, Hudspeth not only knew that the driver had no authority to go with the cab into the country, but he used his own authority and persuasion to overcome the expressed direction of the defendant. . . . In the present instance, the violation of defendant's instructions to the driver was not only known to Hudspeth, but was procured by the active fraud of Hudspeth upon the defendant."

This was a direct holding that, under the undisputed facts, it was impossible for plaintiff to recover. Whether or not our holding was correct is beside the question. Reading as it did, the trial court was conclusively bound to accept as law that under no circumstances could a judgment against defendant be legally sustained. It did the only thing which was possible for it to do under the circumstances, and the judgment is hereby affirmed.

McALISTER, C. J., and ROSS, J., concur.