[Civil No. 2773. Filed February 18, 1929.]

[274 Pac. 632.]

B. H. METCALF, Appellant, v. PHOENIX TITLE & TRUST COMPANY, a Corporation, Appellee.

See Appeal and Error, 4 **C. J.**, sec. 3078, p. 1099, n. 6, sec. 3088, p. 1107, n. 62.
Judgments, 34 **C. J.**, sec. 827, p. 521, n. 55.

Messrs. Sloan, Holton, McKesson & Scott, for Appellant.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

ROSS, J.—This appeal is from a judgment entered upon the mandate in cause No. 2574, reported in 33 Ariz. 13, 57 A. L. R. 1015, 261 Pac. 633.

Upon receipt of the mandate by the lower court, the appellee, Phoenix Title & Trust Company, presented a form of judgment embodying its conception of the directions and terms of the mandate, and asked that it be entered, and, at the same time, served a copy thereof on appellant, B. H. Metcalf. The tendered judgment recognized appellee's mortgage as a first lien and appellant's demand as a lien second and inferior to appellee's and ordered the mortgaged

premises sold and the liens satisfied in that order. That is, if any surplus were left after satisfying the Phoenix Title & Trust Company's mortgage, it was to be paid over to the appellant.

Appellant filed objections to the proposed form of judgment, contending that the equities of the case required that his demand against the premises should be given first place because it was his money that removed from the premises a senior mortgage, thereby making appellee's a first mortgage; and filed therewith the affidavit of the president of the Hassayampa Creamery Company setting forth some facts not theretofore disclosed by the pleadings or evidence.

The court entered judgment as prayed for by appellee. It is claimed by appellant that such judgment is not in accordance with the mandate and, besides, is very unjust and inequitable.

The facts are set out very fully and clearly in our opinion, and for brevity we make reference thereto without restating them. The legal conclusions drawn therefrom and the order for mandate are the important and controlling things in the consideration of the question we now have before us. In the opinion, after stating the issues and discussing the facts and the contentions of the appellant and appellee, we announced the law of the case and directed a mandate as follows:

"In the present case the creamery company showed plainly by its deed to Metcalf that it did not intend its title acquired by redemption and its title under the junior mortgage should merge. We are therefore of the opinion that, at the time it redeemed the property at the sheriff's sale, its title so acquired inured to the benefit of the assignee to the extent only that the junior mortgage held by the assignee became a first mortgage lien upon the property, and that the creamery company was both the legal and equitable owner of the title, subject to the lien just mentioned, and, as such owner, had the right either

to convey or mortgage it to appellant herein. Such being the case, so far as the decree to be rendered in this suit was concerned, it was immaterial as to whether the deed to Metcalf should be construed as an absolute deed subject to the mortgage of appellee, or as a second mortgage on the property subordinate to the rights of appellee, with the title still in the creamery company. It is true that if, after the foreclosure of the mortgage, there is a surplus arising from the sale or a redemption made therefrom, and appellee also has a general judgment against the creamery company arising out of some other cause of action, the question might become of importance, but that should be determined in other proceedings, and not in the one at bar.

"The trial court should have rendered judgment in favor of appellee for foreclosure of the $10,000 mortgage in the usual manner, leaving the question of the nature of Metcalf's title to be determined in any other proceedings which might be proper.

"The judgment is reversed, and the cause remanded to the superior court of Maricopa County, with instructions to render judgment in favor of appellee for a foreclosure of the note and mortgage in question, and for such further proceedings as may not be inconsistent with this opinion."

It will be noticed that we refused to decide the exact status or nature of appellant's demand, but we did say it made no difference whether he be treated as the title holder or mortgagee of the property, his claim was inferior to the mortgage held by appellee. And we refused to decide his right to any surplus that might arise from a sale of the premises under appellee's mortgage, or a redemption after such sale, and left that to "be determined in other proceedings and not in the one at bar." It will also be observed that we directed judgment of foreclosure of appellee's mortgage, "leaving the question of the nature of Metcalf's title to be determined in any other proceedings which might be proper."

The last-quoted phrase of our opinion is the peg upon which appellant hangs his claim to have the respective demands of the parties again litigated. We think this phrase should be construed in connection with what we stated in the preceding sentence as to the disposition of any surplus after satisfying appellee's mortgage. What we decided, it appears, was clearly within the issues, and the priority therein determined is now the law of the case. This is so whether we were right or wrong. 4 C. J. 1213, § 3265; *Treat* v. *Grand Canyon R. Co.*, 12 Ariz. 117, 100 Pac. 438; *Richardson* v. *Ainsa*, 11 Ariz. 359, 95 Pac. 103; *Tally* v. *Ganahl*, 151 Cal. 418, 90 Pac. 1049.

If we were wrong, and we may have been, it was because appellant did not present his case to us from an equity standpoint; his contention all the time being that he was the legal owner of the premises and that such ownership secured to him rights superior to the appellee's mortgage.

Appellant made no motion for a rehearing within the time allowed by law, nor in any other way called this court's attention to his claimed equities until after the judgment had become final.

We think the present proceeding is a collateral attack upon the judgment, and when it was begun the trial and this court had no jurisdiction or power to hear and determine the question raised.

It seems to us the judgment entered was not inconsistent with the mandate, but was in conformity therewith. In such circumstance, we can do nothing but affirm.

LOCKWOOD, C. J., and McALISTER, J., concur.