[Civil No. 2977.   Filed April 27, 1931.]

[298 Pac. 406.]

STANDARD ACCIDENT INSURANCE COMPANY, a Corporation, Appellant, v. W. C. ALLEN, Appellee.

174

Messrs. Sloan, Holton, McKesson & Scott, for Appellant.

Mr. J. E. Morrison and Mr. Hess Seaman and Mr. Ernest R. Utley, for Appellee.

ROSS, J.—This action in replevin is between W. C. Allen, mortgagee, and the Standard Accident Insurance Company, which claims the mortgaged property, under an assignment, as indemnity against liability on a surety bond of the owner, one Le Roy Little. The property involved is a grading outfit,

consisting of work animals, tools, and other equipment.

In a former opinion, *Davis* v. *Standard Acc. Ins. Co.*, 35 Ariz. 392, 278 Pac. 384, to which we refer for a statement of the issues made and submitted and the controlling facts, we reached the following conclusion:

"We think appellant Allen under the law and the evidence was entitled to recover the property covered by his mortgage, or to have judgment for its value. As he did not execute a redelivery bond and retake possession, only the issues of value and damages, if any, should have been submitted to the jury. The court should have granted Allen's motion for an instructed verdict on the issue of title.

"The judgment is reversed, and the cause remanded, with directions that a new trial be had to determine the value of the property, and what, if any, damages appellant Allen may have sustained by reason of the taking of his property by appellee; and that judgment be entered in favor of appellant Allen for the value of said property and the damages so ascertained."

The case was tried the second time, as above directed, the jury finding by their verdict that the value of the property was $15,000 and the damages $25,000. Upon such verdict the court entered judgment against the company for $40,000.

The company has appealed, and for reasons of appeal assigns the order of the court sustaining a plea in bar to its first and second amended answers, and the passion and prejudice of the jury, manifested, it is claimed, by the excessiveness of its verdict.

The amended answers stricken, like the original answer upon which the case was first tried, pleaded the issues of estoppel and waiver against the mortgagee Allen, and, in addition, alleged, in substance: That the mortgagor when he gave Allen the mortgage was in failing circumstances and being hard pressed

by his creditors; that the consideration named in the mortgage was not actually paid, and that the affidavit of mortgagee of *bona fides,* as required by the laws of California, was not made; that in the action (referred to in our former opinion) by the mortgagee in Coconino county to foreclose the mortgage, although the indemnity contract between the owner and the company was of record in said county, the company was not made a party; that said action was collusive; that the judgment was by consent, and that the sale of the property under the foreclosure judgment was illegal, in that no notice of sale was given; and that the possession of said property was taken from the company by the sheriff of Coconino county under said collusive proceeding and turned over to Allen's agent, Davis. It is alleged that on April 26th, the date the company wrote Allen concerning Little's title to the property, and on May 2d, the date of Allen's letter to the company, the United States had not executed or accepted the surety bond, and that, if Allen had advised the company of his mortgage on the property, and of the true situation, the company would not have continued the bond; that, when the bond was executed Little was insolvent and Allen knew it; that these facts concerning the validity of the mortgage, the collusive suit, and Little's insolvency were unknown to it at the first trial.

The issues tendered by these amended answers were met by a motion to strike on the ground that they were sham, irrelevant, frivolous, and redundant in that the only issues to be tried were the value of the property and damages for its detention, and that the issues therein tendered had been theretofore adjudicated and fully determined by this court.

It is contended that the amended answers should have been permitted to stand because they presented questions that had not been adjudicated; that such

questions were properly raised in the amended answers, were proper and legitimate defenses, and their denial deprived the company of a substantial and vital right. This broad claim of right to amend is based on section 3740 of the Revised Code of 1928, reading:

"All pleadings may upon leave of the court be amended at any time, upon such terms as the court may prescribe, or the same may be amended without such leave, not less than five days before trial, by serving the adverse party with a copy of such amended pleading."

Because the first amended answer was filed more than five days before the trial, it is insisted the right to amend was absolute. We think, however, the right to amend the pleadings depends upon the status of the case at the time the amendment is offered. If, for instance, in the present case the order had been one of reversal and remand for a new trial generally, the right to file an amended answer five days before the trial, raising issues not raised or involved in the previous trial, would be absolute, and at a later date at the discretion of the court. Here the order or judgment was not one for a new trial generally, but of two issues only, value and damages.

Right or wrong, the mandate of this court was the measure of power in the trial court. This seems to be the universal rule. It is well stated in *Mountain Home Lumber Co.* v. *Swartwout,* 33 Idaho 737, 197 Pac. 1027, as follows:

"A trial court has no authority to enter any judgment or order not in conformity with the order of the appellate court. That order is conclusive on the parties, and no judgment or order different from or in addition to that directed by it can have any effect. Where the mandate of an appellate court directs a specific judgment to be entered, the tribunal to which such mandate is directed must yield obedience thereto.

No modification of the judgment so directed can be made by the trial court, nor can any provision be ingrafted on or taken from it. The reason for this rule is obvious. When a particular judgment is directed by an appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interest requires that there shall be an end put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey; otherwise litigation would never be ended, and the reviewing tribunal would be shorn of that authority over inferior tribunals with which it is invested by fundamental law. 2 R. C. L., p. 289, § 244; *Galbreath* v. *Wallrich,* 48 Colo. 127, 139 Am. St. Rep. 263, 109 Pac. 417.''

This rule in principle has been stated and followed in several cases by this court. *Metcalf* v. *Phoenix Title & Trust Co.,* 35 Ariz. 73, 274 Pac. 632; *Ocean Accident & Guarantee Corp.* v. *Industrial Com.,* 34 Ariz. 175, 269 Pac. 77; *Hudspeth* v. *Blue Bar Taxicab Co.,* 28 Ariz. 440, 237 Pac. 382; *Bennie* v. *Becker-Franz Co.,* 17 Ariz. 198, 149 Pac. 749; *Arizona-Parral Mining Co.* v. *Forbes,* 16 Ariz. 395, 146 Pac. 504; *Steinfeld* v. *Zeckendorf,* 15 Ariz. 335, 138 Pac. 1044; *Richardson* v. *Ainsa,* 11 Ariz. 359, 95 Pac. 103; *Snyder* v. *Pima County,* 6 Ariz. 41, 53 Pac. 6. See, also, 4 C. J. 1213, § 3265.

While admitting the force of the above rule, the company attempts to escape it. It says that, if the pleadings and facts on the second trial are different, ''the law of the case'' is not controlling. This is doubtless correct. 4 C. J. 1218, § 3268, and cases cited thereunder. The right to amend under the remand may be left open, or it may be foreclosed. If left open and new pleadings and new evidence are offered, necessarily what was decided upon different

issues and facts would not be "the law of the case" in a retrial. There is cited, as sustaining the contention that the company should be permitted to amend its answer, the case of *Middleton* v. *Davis,* 105 Miss. 152, 62 South. 164. The court in that case held the pleadings amendable because the mandate did not forbid or preclude it, saying:

"The question for our decision is whether the court should have permitted appellant to file the amended answer and cross-bill. It will be noted that the court, in its opinion reversing and remanding the case upon the former appeal, instructed the trial court to have an account between the parties, and it appears from the further words in the opinion that this accounting was in a measure limited. However, it will also be noted that the mandate, which is the decree of this court, simply reversed and remanded the case for further proceedings."

It may be that the mandate too narrowly limited the issues, and that it should have been worded to permit a retrial of the whole case upon its merits, not only on the question of estoppel and waiver, but upon any other question involving the good faith of Allen, or the validity of his mortgage, or its foreclosure. The fact is that was not done. The only question then raised was whether Allen had waived his mortgage or estopped himself to enforce it against the company by reason of the letter he wrote the company. Because it appeared that the surety bond had been executed before any inquiry was made of Allen concerning Little, we held that there was no estoppel or waiver. There was no question of want of consideration for the mortgage, or want of verification by the mortgagee, or of fraud in its inception, or the manner of its foreclosure, or of any fraud practiced on the company to obtain the surety bond. It may be that we should have anticipated these defenses upon a retrial, but we did not. In such

circumstances, the issues were limited to those undisposed of, to wit, the value of the property and damages for its detention. It appears to us that not only "the law of the case," as announced in our former judgment, required that the trial be in accordance with our mandate, but that the judgment was in many respects *res judicata* of the questions in amended answers. The text in 34 Corpus Juris, 902, section 1312, reads:

"A judgment rendered by a court having jurisdiction of the parties and subject matter, whether correct or not, is conclusive and indisputable evidence as to all rights, questions, or facts put in issue in the suit and actually adjudicated therein, when the same come again into controversy between the same parties or their privies in proceedings upon the same or a different cause of action."

The question of the passion and prejudice of the jury, as manifested by the size of its verdict, is only casually argued. No reference to the testimony as contained in the transcript is made; no analysis of that testimony is in the brief, but only a general statement that the verdict was excessive and unreasonable.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.