380 P.2d 1019

**CANTLAY & TANZOLA, INC., a corporation, Petitioner,**

v.

**E. T. (Eddie) WILLIAMS, Jr., and A. P. (Jack) Buzard, as members of the Arizona Corporation Commission, Respondents,**

**and**

**Reliable Transportation Company, a corporation, and Arizona Tank Lines, Inc., a corporation, Intervenors.**

**No. 7819.**

Supreme Court of Arizona.

En Banc.

April 25, 1963.

Lewis, Roca, Scoville, Beauchamp & Linton, Minne & Sorenson, John P. Frank, Phoenix, for petitioner.

E. T. (Eddie) Williams, Jr., and A. P. (Jack) Buzard, Phoenix, in pro. per.

Evans, Kitchel & Jenckes, Earl H. Carroll, Phoenix, for intervenors.

PER CURIAM.

This is an original proceeding by petitioner Cantlay & Tanzola, Inc., for a writ of mandamus to compel the Arizona Corporation Commission to comply with the court's order to grant the application of petitioner as a contract carrier to haul petroleum products for Texaco, Inc.

In 1959 the Corporation Commission denied an application by the petitioner to haul petroleum products for the Texaco Company, which decision was affirmed by the Superior Court. However, upon appeal (Cantlay & Tanzola, Inc. v. Senner, 92 Ariz. 63, 373 P.2d 370 [1962]), this court reversed the lower court, holding that the refusal of the Commission to grant the permit "was unreasonable and arbitrary."

The trial court thereafter ordered that the matter be referred back to the Arizona Corporation Commission "to grant same [the permit] in conformity with this judgment and the opinion of the Arizona Supreme Court." Petitioner immediately applied to the Commission for the permit, and one commissioner signed an order to grant it, but the other two commissioners, respondents herein, refused to do so.

On the 27th day of December, 1962, we ordered issuance of a peremptory writ of mandamus directing the respondents, immediately after the receipt of the writ, to grant the application of Cantlay & Tanzola, Inc. as a contract carrier for Texaco, Inc.

The respondent commissioners attempt to excuse their refusal to obey the court's order because (1) the commission's original order denying the permit was issued more than two years before the final court order setting aside such action; (2) conditions might have changed in the interim, and (3) a new full hearing was necessary to determine such conditions before the Commission could reasonably issue the permit. They cite Southern Pacific Co. v. Corporation Commission, 83 Ariz. 333, 32 P.2d 224 (1958) as authority for this position.

Such argument is specious. In our decision [1] we held that "the decision and order of the Arizona Corporation Commission denying the application of Cantlay & Tanzola, Inc., *based upon the February 4, 1960 contract with Texaco, Inc.,* was unreasonable and arbitrary." (Emphasis supplied). There could have been no change in the circumstances when we expressly limited our decision to the application for a permit based upon the particular contract. The Superior Court issued its order on that authority, and the Corporation Commission had no alternative but to obey as we stated in Pacific Greyhound Lines v. Brooks, 70 Ariz. 339, 343, 220 P.2d 477, 479 (1950):

"If any dignity and respect is to be given to judicial proceedings, and if there is to be any end to litigation, such tactics can not be countenanced. * * they (corporation commission) had no jurisdiction to fly in the face of our decision * * *. By way of illustration we point out that this court has had occasion several times to make it clear to lower courts that they are without jurisdiction to render a judgment 'differing one jot or tittle' from that which this court has directed. *This rule is equally binding upon any lower tribunal exercising quasi-judicial functions such as the Arizona Corporation Commission."* (Emphasis supplied and citations omitted.)

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.

[1] Cantlay & Tanzola, Inc. v. Senner, supra, at 373 P.2d 371.