419 P.2d 79

P. E. TOVREA, Sr., by and through Helen Green Tovrea, Philip E. Tovrea, Jr., and William A. Evans, Executors of the Estate of P. E. Tovrea, Sr., Deceased, E. E. Barnard, William A. Evans, Kemper Marley, E. A. Tovrea, P. E. Tovrea, Jr., and William J. Wombach, Petitioners,

v.

The SUPERIOR COURT of Arizona, IN AND FOR The COUNTY OF MARICOPA, and E. R. Thurman, a Judge thereof, Respondents.

No. 8830.

Supreme Court of Arizona, In Banc.

Oct. 19, 1966.

------◆------

Evans, Kitchel & Jenc͟kes, Phoenix, for petitioners.

Otto H. Linsenmeyer, and Sidney Block, Phoenix, for real parties in interest.

BERNSTEIN, Vice Chief Justice.

This is a petition for an Alternative Writ of Mandamus to compel the Respondent Court and Judge thereof to enter judgment and costs in accordance with our decision in the case of Tovrea Land and Cattle Co. v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47.

The pertinent facts are as follows: In the original action the trial court found in favor of the plaintiffs and against the present petitioners, but in a decision handed down on March 11 of this year this court reversed. Tovrea, supra. Thirteen days later, on March 24, petitioners filed in this court a verified bill of costs covering expenses incurred both at trial in the Superior Court and in this court on appeal. This bill for itemized cost was included in the Mandate issued by this court on May 23 directing the Superior Court that judgment for the plaintiffs be vacated and that judgment for the defendants be entered thereon.

On June 8 of this year, the petitioners in their capacity as defendants in the above civil action filed with the Clerk of the Superior Court their "Motion to Vacate Judgment for Plaintiffs And To Enter Judgment For Defendants." At this point the plaintiffs, who tendered no objections to the cost bill before this court, filed objections to the proposed judgment on the grounds that the cost bill was not filed in this court within the time allotted by statute. Supreme Court Rule 13(a), 17 A.R.S.[1] The Superior Court judge ruled that there was merit in the plaintiffs' objection and on that basis refused to grant costs to the present petitioners in spite of this court's Mandate directing him to do so.

Petitioners now request that we employ our mandamus powers to compel the lower court judge to comply with our earlier mandate. That we have the power to do so is clear from Art. 6, Sec. 4 of the State Constitution, A.R.S., granting this court original jurisdiction in mandamus proceedings involving state officers and power to issue any writ of mandamus that may be necessary and proper to the complete exercise of this court's appellate and revisory jurisdiction.

A proper disposal of the issues that emerge from the foregoing facts requires both a comment on the ability to waive objections under Supreme Court Rule 13(a), supra, and a clarification of the effect of a mandate as issued by this court to a lower tribunal.

Rule 13(a) is correctly construed to be a procedural measure rather than a jurisdictional one, thereby making objections for failure to comply with its terms subject to waiver. When the plaintiffs in this case failed to object to the fact that petitioners were three days late in

1. Rule 13.   Costs
    13(a) Statement of costs; objections. A party entitled to costs may, within 10 days after the clerk has given the notice provided by Rule 8 that a decision has been rendered by this court, file and serve upon each adverse party or his attorney a verified statement of costs. An adverse party may file and serve written objections to the statement of costs within five days after service of such statement upon him.

filing their cost bill, this court will deem such objection waived, and proceed as if there had been a timely filing.

We are thus left face to face with the question of whether the trial court is bound by the original mandate of the Supreme Court, which in this case awarded petitioners their requested costs. The answer to this question is clear.

■ We have substantial authority in this state corresponding with what appears to be the universal rule that the trial court is absolutely bound by the decision and mandate of an appellate court and that it is not within the jurisdiction of the trial court to review the appellate court's determination. Krucker v. Goddard, 99 Ariz. 227, 408 P.2d 20; Cantlay & Tanzola, Inc. v. Williams, 93 Ariz. 365, 380 P.2d 1019; Vargas v. Superior Court of Apache County, 60 Ariz. 395, 138 P.2d 287; Standard Accident Insurance Company v. Allen, 38 Ariz. 173, 298 P. 406. To hold otherwise would be to strip judicial proceedings of their dignity and respect, while creating a circular process that would provide no end to litigation nor final determination of rights and obligations.

■ We hold that when a given cause has received the consideration of a reviewing court, has been decided on its merits and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey. The trial court is without jurisdiction to fly in the face of an appellate mandate, and when it does so, mandamus is the proper remedy. Cantlay & Tanzola, Inc., supra.

Order peremptory writ of mandamus granted.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD, and McFARLAND, JJ., concur.