NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LAW OFFICE OF WILLIAM R. HOBSON PC, *Plaintiff/Appellee*,

*v.*

ANGELLEE CHEN, *Defendant/Appellant*.

No. 1 CA-CV 22-0196
FILED 2-7-2023

Appeal from the Superior Court in Maricopa County
No. CV2016-091045
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

Angellee Chen, Clovis, California
*Defendant/Appellant*

Stanley R. Lerner, P.C., Phoenix
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

**T H U M M A**, Judge:

¶1		The Law Office of William R. Hobson PC filed this case against former client Angellee Chen for unpaid attorneys' fees and costs. In a prior appeal, this court reversed a dismissal for failure to state a claim, noting "some interpretations of the complaint entitle Hobson to relief." *Law Office of William R. Hobson, P.C. v. Chen (Hobson I)*, 1 CA-CV 20-0223, 2020 WL 7587113, at *1 ¶ 1 (Ariz. App. Dec. 22, 2020) (mem. dec.). On remand, the superior court found Hobson provided Chen a benefit of $40,000, also awarding Hobson $1,618.76 in costs and $6,000 in sanctions. For the reasons stated below, the award of $40,000 plus $1,618.76 in costs is affirmed, and the sanctions award is vacated.

## FACTS AND PROCEDURAL HISTORY

¶2		In April 2012, Chen filed a wrongful termination lawsuit against her former employer. A few months later, Chen hired Hobson to replace her first attorney. Chen and Hobson discussed a fee agreement where Chen would pay half of Hobson's normal hourly rate and a percentage contingent on the outcome. But no such written fee agreement was ever signed by the parties. Nor was any other fee agreement reached by the parties.

¶3		Twice -- in July 2012 and April 2013 -- Hobson invoiced Chen for his work at his normal hourly rate and Chen paid the invoices. Hobson later claimed that he did not provide Chen any more invoices because he believed she could not pay. Hobson took various actions on Chen's behalf, including filing an amended complaint, participating in discovery, taking depositions and defeating a motion for summary judgment. In January 2015, Chen fired Hobson. In June 2015, Chen settled her claims, receiving $250,000 from her former employer. Hobson then filed this case, seeking compensation for his time spent on Chen's case on a quantum meruit theory. Hobson's complaint attached a third invoice that detailed time spent on the case but that had not been sent to Chen.

¶4		After failing in numerous attempts to serve Chen at her home, the court allowed Hobson to serve her by publication. After doing so, Chen appeared and moved to dismiss, claiming insufficient process, insufficient service of process and a failure to state a claim. *See* Ariz. R. Civ. P. 12(b)(4–6). The court denied Chen's motion.

**¶5** When Hobson failed to prosecute the case, it was placed on the dismissal calendar and then dismissed in April 2017. Hobson moved to reinstate and to vacate the dismissal, and when Chen filed no timely opposition, the court granted the motion and reinstated the case. Chen later unsuccessfully argued the case was improperly reinstated.

**¶6** Chen then moved to dismiss, arguing Hobson's claim was barred by *Levine v. Haralson, Miller, Pitt, Feldman & McAnally, P.L.C.*, 244 Ariz. 234 (App. 2018). The court first denied the motion, but reconsidering, later found *Levine* barred Hobson's quantum meruit claim. Meanwhile, Chen filed other motions, again challenging personal jurisdiction and claiming the case was improperly reinstated, which the court denied.

**¶7** After entry of a final judgment dismissing the case, Hobson timely appealed. Tacitly rejecting personal jurisdiction and improper reinstatement arguments, *Hobson I* reversed and remanded, finding issues of fact, stating "if there was no operative agreement between Hobson and Chen, Hobson would be allowed to recover the reasonable value of the legal services it provided." 2020 WL 7587113, at *2 ¶ 9.

**¶8** On remand, after a bench trial where Hobson and Chen testified, the court found there was no binding agreement between the parties and that Chen was liable for the reasonable value of Hobson's services. The court set that value at $40,000 and entered final judgment. In February 2022, Hobson timely moved to amend the judgment, seeking sanctions for an unaccepted offer of judgment it provided to Chen in 2018. As Chen's response noted, however, that motion relied on Ariz. R. Civ. P. (Rule) 68(g) as amended effective January 1, 2022. Hobson then filed a second motion, seeking sanctions for an unaccepted offer of judgment provided to Chen in 2017. That second motion, however, was filed about 35 days after the entry of judgment.

**¶9** Ultimately, the court issued an amended order, awarding Hobson $40,000, $1,618.76 in costs and $6,000 as a sanction under Rule 68(g) as amended effective January 1, 2022. This court has jurisdiction over Chen's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101.

## DISCUSSION

**¶10**        Chen argues the superior court: (1) lacked jurisdiction to reinstate the case; (2) lacked personal jurisdiction because process and service of process were inadequate; (3) wrongly awarded Hobson quantum meruit fees; (4) improperly determined that the quantum meruit value of Hobson's services was $40,000 and (5) erred in awarding Hobson sanctions under current version of Rule 68(g). The court addresses these arguments in turn, recognizing *Hobson I* resolves the first three.

### I.     Chen's First Three Arguments Fail Under the Law of This Case.

**¶11**        *Hobson I* reversed the grant of Chen's motion to dismiss and remanded to the superior court for further proceedings. 2020 WL 7587113, at *2 ¶ 13. *Hobson I* did so even though Chen had argued in that appeal that "dismissal is appropriate because the court lacked personal jurisdiction over Chen due to insufficient process and insufficient service of process." *See id.* Accordingly, *Hobson I* tacitly determined that the superior court did not err in reinstating the case and that process and service of process were sufficient to invoke jurisdiction over Chen. *See id.* Thus, under the law of this case and the mandate in *Hobson I*, the superior court lacked authority to reverse its decision reinstating the case or dismissing for lack of personal jurisdiction. *See, e.g.*, *Tovrea v. Superior Court*, 101 Ariz. 295, 297 (1966); *Ziegler v. Superior Court*, 134 Ariz. 390, 393 (App. 1982).

**¶12**        In reversing the dismissal and remanding for further proceedings, *Hobson I* directed that, "if there was no operative agreement between Hobson and Chen, Hobson would be allowed to recover the reasonable value of the legal services it provided." 2020 WL 7587113, at *2 ¶ 9. On remand, the superior court lacked authority to deviate from that mandate. *See Tovrea*, 101 Ariz. at 297. Nor has Chen shown any exception to the law of the case or the mandate that applies. *See Dancing Sunshines Lounge v. Indus. Comm'n*, 149 Ariz. 480, 482–83 (1986). Thus, Chen's first three issues fail.

### II.     The Court Did Not Err in Reinstating the Case.

**¶13**        The superior court's jurisdiction is an issue of law reviewed de novo. *R.A.J. v. L.B.V.*, 169 Ariz. 92, 94 (App. 1991). By rule, the court is to place a case on the Dismissal Calendar if the parties have not filed a joint report and proposed scheduling order within 210 days from the filing of the complaint. Ariz. R. Civ. P. 38.1(d). "If an action remains on the Dismissal Calendar for 60 days, the court must dismiss it without prejudice . . . ." Ariz. R. Civ. P. 38.1(d)(2). Arizona courts, however, have the discretion to

reinstate a case after it is dismissed without prejudice from the dismissal calendar. *See Jepson v. New*, 164 Ariz. 265, 277 (1990) (construing prior rule); *Black v. Greer*, 17 Ariz. App. 383, 385 (1972) (same); *Campbell v. Deddens*, 93 Ariz. 247, 250–51 (1963) (even after the case has been dismissed, the court has discretion to grant relief from the order dismissing the case).

**¶14**        Chen does not argue any deficiency with Hobson's motion to reinstate nor does she challenge the court's reasoning in reinstating the case. Instead, Chen cites pre-Rules cases to argue that "nothing in the Rules authorizes the court to reinstate the case after it has been properly dismissed without prejudice for lack of prosecution." At least since the promulgation of Rule 38.1 and its predecessors, Arizona law is to the contrary. *See Jepson*, 164 Ariz. at 277. Chen has shown no error in the superior court reinstating the case.

## III.    Chen Has Shown No Reversible Jurisdictional Error.

**¶15**        Apart from the law of this case regarding jurisdiction, Chen has shown no resulting prejudice for any alleged defect in process or service of process. She had actual notice of the case, participated in the litigation and is challenging a judgment on the merits. *See State v. 1810 E. Second Ave.*, 193 Ariz. 1, 6 (App. 1997) (where party had actual knowledge of the proceeding and "took full advantage of it by contesting the matter all the way through judgment," any failure to provide the notice prescribed by the statute caused no prejudice. "If an error is not prejudicial, it is not grounds for reversal.").

## IV.    Chen Has Shown No Error in the Court Determining Hobson Was Entitled to Recovery Under Quantum Meruit.

**¶16**        Absent a written fee agreement, an attorney may not recover the quantum meruit value of services provided "because unwritten contingent fee agreements are void as against public policy." *Levine*, 244 Ariz. at 236 ¶ 1. *Hobson I*, however, distinguished *Levine*, concluding the proposed agreement would have been a hybrid agreement with a regular fee component. 2020 WL 7587113, at *2 ¶ 9. *Hobson I* concluded that "[s]ome interpretations of the complaint's allegations would allow Hobson to recover its fees," adding that "if there was no operative agreement between Hobson and Chen, Hobson would be allowed to recover the reasonable value of the legal services . . . provided." *Id.* at *2 ¶¶ 9 & 12.

¶17          At trial, neither party presented evidence that they had entered into an operative agreement. The superior court noted the requirement that a contingency fee be signed by the client and found no operative agreement between the parties. "[A] trial court must 'strictly follow' the mandate of an appellate decision." *Bogard v. Cannon & Wendt Elec. Co., Inc.*, 221 Ariz. 325, 334 (App. 2009) (quoting cases). Given this finding that the parties had "no operative agreement," which is not challenged on appeal, the superior court properly looked to quantum meruit and determined "the reasonable value of the services provided." Chen has shown no error.

## V.    The Court Did Not Err in Awarding $40,000 as the Reasonable Value of the Services Provided.

¶18          The calculation of damages is reviewed for an abuse of discretion. *Solar-West, Inc. v. Falk*, 141 Ariz. 414, 419 (App. 1984). Chen argues the court's award is not supported by reliable evidence. When determining the reasonable value of the services provided, the court should consider the following four factors:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; [3] the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Schwartz v. Schwerin*, 85 Ariz. 242, 246–47 (1959). The trial evidence addresses these factors. William Hobson testified about his legal experience, including with cases like Chen's. He testified about the details of the case which included amending the complaint and defeating Chen's former employer's motion for summary judgment. Evidence also showed that, after defeating that motion and a few months after Hobson's representation was terminated, Chen obtained a settlement for $250,000. *See Hobson I*, 2020 WL 7587113, at *1 ¶ 4. The dispute over Hobson's work was detailed in the court's decision and led to the court reducing the amount requested by nearly 25 percent from $53,544.55 to $40,000.

**¶19** Chen argues the court erred in finding Hobson's hourly rate reasonable because she did not object to it when she paid the first two invoices. Chen's support for that argument is an ethics opinion stating it would be unreasonable to charge a full hourly rate *and* collect a contingent fee. *See* Ariz. Ethics. Op. 03-06. The award for Hobson, however, was not for legal contract damages but an equitable quantum meruit award for the court's determination of the reasonable value of the benefit he provided to Chen. *See Schwartz*, at 85 Ariz. at 246. Chen has not shown that the rate the court used in making that equitable award was unreasonable.

**¶20** Chen similarly argues that the court erroneously admitted in evidence Hobson's third invoice for services. Chen has shown no valid objection to that admission under the Arizona Rules of Evidence, particularly for a bench trial. Indeed, Chen cites no authority to support her contention and therefore waives her argument on appeal. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 ¶ 6 n.2 (App. 2007) (where party mentions an "argument in passing" in an opening brief, but "cites no relevant supporting authority and does not develop it further," the issue is waived). For these reasons, Chen has failed to show that the court erred in making the $40,000 equitable quantum meruit award authorized by *Hobson I*.

## VI. The Court Erred in Awarding Hobson Sanctions Under the Version of Rule 68(g) Effective January 1, 2022.

**¶21** Chen correctly notes the superior court applied the wrong version of Rule 68(g) in awarding sanctions. Hobson concedes, claiming an entitlement to $10,320.67 in sanctions under the previous rule. Because Hobson did not timely file a proper motion for sanctions under the prior version of the rule, the award is vacated.

**¶22** "A motion to alter or amend a judgment must be filed no later than 15 days after the entry of judgment." Ariz. R. Civ. P. 59(d). Hobson timely filed a motion to amend the final judgment, but sought sanctions under the version of Rule 68(g) effective January 1, 2022. Hobson sought to correct that error in filing a new motion for sanctions citing the correct version of Rule 68(g), but did so more than a month after the final judgment was filed. Thus, the timely request for sanctions erroneously cited the incorrect version of the rule, and the later motion for sanctions citing the correct version of the rule was untimely. The superior court could not issue the award of sanctions that it did because it applied a version of Rule 68(g) that did not apply. And the superior court lacked jurisdiction to award sanctions under the correct version of Rule 68(g) because the motion

seeking those sanctions was untimely. Thus, the award of Rule 68(g) sanctions is vacated.

## VII.    Attorneys' Fees and Costs.

**¶23**         Each party seeks attorneys' fees and costs on appeal under A.R.S. §§ 12-341 and 12-341.01. Because Hobson is not the successful party, its request is denied. And because Chen is self-represented, her request for fees is denied. Chen is awarded her taxable costs contingent upon her compliance with ARCAP 21.

## CONCLUSION

**¶24**         The final judgment is affirmed in part and vacated in part.



AMY M. WOOD • Clerk of the Court
FILED:   AA