STATE OF MAINE *vs.* EMILE L. COTE.

York.    Opinion April 13, 1923.

*A licensee having accepted a license providing for suspension, without notice or hearing, is not deprived of any constitutional right if it is suspended in accordance with its own conditions.*

A license to take lobsters having been granted under a statute providing in substance that the Director of Sea and Shore Fisheries may suspend the license whenever he has evidence that the licensee has violated the lobster law, such provision for suspension reads itself into and becomes a part of the license itself.

In the instant case the statute does not neither expressly or impliedly require notice and hearing as a condition precedent to such suspension.

On report.   The respondent was found guilty in a Trial Justice Court of fishing for lobsters on November 22, 1921, after his license had been suspended on August 21, 1921, by the Director of Sea and Shore Fisheries, and an appeal to the Supreme Judicial Court was taken.   Counsel for the respondent, contending that the statute authorizing a suspension of the license was unconstitutional and void because it violates Section 6 of Article I of the Constitution of the State of Maine, at the conclusion of the evidence, moved for a directed verdict of "not guilty," which motion was overruled, and respondent excepted.   Counsel for respondent then moved that the court direct that the case be taken from the jury and go to the Law Court on report of the evidence, which was granted by agreement of the parties.   Judgment for the State.   Sentence to be imposed below.

The case is fully stated in the opinion.

*Edward S. Titcomb, County Attorney,* for the State.

*John P. Deering and Arthur E. Sewall,* for respondent.

SITTING:   CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J.   The respondent is accused of setting traps for lobsters after the suspension of his license.   His defense is that his license was suspended without notice and hearing and therefore illegally.

The power of the director of sea and shore fisheries to grant licenses to take lobsters is contained in Act of 1921, Chapter 98.  His authority to revoke or suspend licenses is derived from Section 4 of the same chapter.

With the revocation of licenses we are not concerned.  Revocation is a consequence of conviction.  The respondent has not been convicted.  His license has been suspended, not revoked.

The statute says in effect that the license shall be suspended while a prosecution is pending and further provides that "The director of sea and shore fisheries in his discretion may before conviction suspend the license of any person, firm or corporation whenever he has evidence that such person has violated any of the laws relating to lobsters."  The suspension in this case was by virtue of the above quoted clause.  At the time of the suspension no formal complaint had been made.

The respondent's counsel challenge the validity of this statute.  They invoke the constitutional guaranty that an accused person shall not "be deprived of life, liberty, property or privileges but by . . . . the law of the land."

They contend rightfully that notice and opportunity to be heard are of the very essence of "the law of the land" a phrase identical in meaning with the "due process of law" of the Federal Constitution.

They argue that by the terms of the act, if valid, a fisherman's license may be suspended and his property or privileges thus taken away without notice or opportunity to be heard.  For this reason they contend that the act is unconstitutional.

But numerous authorities, some of which are below cited, hold that a license is not within the protection of the constitution.  "A mere license by the state is always revocable."  *Doyle* v. *Ins. Co.*, 94 U. S., 540, 24 L. Ed., 148.

"As a license lacks the essential elements of a vested right or property it may be revoked."  8 Cyc., 1124.  See *Child* v. *Bemus*, (R. I.), 21 Atl., 539; *Board of Excise* v. *Barrie*, 34 N. Y., 667.  *State* v. *Cooke*, 24 Minn., 247; *Wallace* v. *Reno*, (Nev.), 73 Pac., 528; *La Croix* v. *Co. Comrs.*, 50 Conn., 328; *Sprayberry* v. *Atlanta*, (Ga.), 13 S. E., 199.  *Calder* v. *Kurby*, 5 Gray, 597; *Martin* v. *State*, (Neb.), 36 N. W., 557; *Portland* v. *Cook*, (Or.), 87 Pac., 772; *Dreyfus* v. *Montgomery*, (Ala.), 58 So., 730.

There are a few opposing authorities. But it can hardly be questioned that where as in this case the statute requiring the license provides for its revocation without notice or hearing, (a provision that is either expressly or impliedly a part of the license itself) a person accepting such a license cannot complain if it is terminated in accordance with its own conditions.

The licensee in such case is no more deprived of property or privileges than is the tenant whose lessor takes possession of the leasehold premises upon expiration, or forfeiture of the term.

"By accepting and acting under a license the licensee consents to all conditions imposed thereby including provisions for its revocation." *Stone* v. *Fritts*, (Ind.), 82 N. E., 794.

"When as here, the license is granted under an ordinance that gives or reserves the power (of revocation) it is to be regarded as subject to the power and terminable by its exercise." *Wallace* v. *Reno*, (Nev.), 73 Pac., 528.

"A licensee takes his license subject to such conditions as the legislature sees fit to impose, and one of the statutory conditions of this license, was that it might be revoked by the selectmen at their pleasure. Such a license is not a contract and a revocation of it does not deprive the defendant of any property immunity or privilege." *Commonwealth* v. *Kinsley*, 133 Mass., 578. See also *Schwuchow* v. *Chicago*, 68 Ill., 450; *State* v. *Schmitz*, (Iowa), 22 N. W., 673; *Ruggles* v. *State*, (Md.), 87 Atl., 1080. *McMillan* v. *Knoxville*, (Tenn.), 202 S. W., 67.

The respondent's license contained either expressly or impliedly (for the statute reads itself into the license) the provision for suspension herein above quoted. In effect the license provides that the director in his discretion may suspend it whenever he has evidence that the holder of it has violated the lobster law.

The cases cited by the respondent's counsel are clearly distinguishable. *State* v. *McElhinney*, (Mo.), 145 S. W., 1142 involved the disbarring of an attorney at law. An attorney is not a mere licensee. He is a court officer. To deprive him of his office without notice or hearing is to invade his constitutional rights.

*Smith* v. *Medical Examiners*, (Iowa), 117 N. W., 1116-1118. The appellant, a physician, by the terms of the very act under which his certificate was sought to be revoked, was held entitled to notice and opportunity to be heard.

*People* v. *Wilson*, 166 N. Y. S., 211 and *Balling* v. *Elizabeth*, (N. J.), 74 Atl., 277 are also called to our attention. In the New York case a majority of the court held, without extended opinion, that an act for the regulation of the milk business including the licensing of dealers is void as class legislation.

The New Jersey case holds not that the act providing for licensing innkeepers and revoking their licenses is unconstitutional in any part but that the act, impliedly at least, requires notice and hearing.

Nothing in any of these cases sustains the respondent's contention that a license confers such a vested right that it cannot be terminated in accordance with its own conditions.

But it is claimed that the Maine Statute does impliedly require notice and hearing as a condition precedent to suspension. The statute authorizes the director to suspend licenses "at his discretion" "whenever he has evidence." Act of 1921, Chap. 98, Sec. 4.

We do not think that the Legislature intended the words "after notice and hearing" to be read into the statute. If such had been the intention that or some similar phrase would have been inserted. To interpolate such a provision would be to legislate, and legislation is not one of the functions of the court. Whenever the law-making body intends that, the revocation or suspension of a license shall be after notice and hearing it says so in plain language.

See R. S., Chap. 45, Sec. 58 (Licenses to propagate clams). Act of 1919, Chap. 60, (Taxidermists). R. S., Chap. 18, Sec. 34, (Dentists). Act of 1919, Chap. 211, Sec. 15, (Operators of motor vehicles).

It is suggested that the words of the statute "before conviction" impliedly limit the right of suspension to the period of prosecution leading to conviction. But immediately before the clause above quoted providing that the director "may suspend &c whenever he has evidence" the statute says that "the license shall be suspended from the date of complaint or indictment until the final determination by the court." It is a fair presumption that the Legislature did not intend in one sentence to provide that there *may* be done the same thing that the next preceding sentence it had said *shall* be done. This would be to first shake the fist and then the finger.

We would not be understood as approving the suspending of licenses without prior notice and opportunity for hearing. Such a practice is liable to abuse and might lead to great injustice. In this

case, however, the director in suspending the respondent's license did not transcend constitutional or legal limits.

<div align="right">

*Judgment for the State.*
*Sentence to be imposed below.*