BENNIE ROGERS, *an infant, etc. v.* ARTHUR GOFORTH, *Trading and Doing Business as* GOFORTH FREIGHT LINES

(No. 8847)

Submitted April 18, 1939. Decided May 9, 1939.

*C. R. Harless* and *W. G. Burton,* for plaintiff in error. *Richardson & Kemper,* for defendant in error.

RILEY, JUDGE:

Bennie Rogers, an infant, who suffered serious injuries when hit and run over by one of the trucks owned and operated by Arthur Goforth, trading and doing business as Goforth Freight Lines, prosecutes error to the action of the trial court in vacating a judgment order, and in setting aside the verdict, as to quantum of damages, on the ground of newly-discovered evidence, and awarding defendant a new trial as to the quantum of damages.

Immediately following the accident, i. e., the 24th day of November, 1937, the plaintiff was removed to the Beckley Hospital, where an examination showed him to be suffering from a contusion of the lower right portion of the abdomen, a simple fracture of the left femur and an abrasion just below the left knee. The morning following, the contusion having cleared, Dr. Ralston proceeded to reduce the fracture. Plaintiff was placed in a cast, which enveloped both legs and the lower part of his body, for eight weeks. The injured leg was then encased in a removable cast until March 1st, when a steel brace was substituted. He was wearing the brace at the time of trial.

The action, instituted on February 2, 1938, came on for hearing on the 1st day of April. On the latter date the defendant moved the court to continue the case on the ground that "the permanency of the injuries complained of by plaintiff cannot be determined definitely at this time." In support of the motion, medical testimony was introduced to the effect that plaintiff was suffering from a temporary paralysis due to the pressure of the cast, a fact which could be determined only after the lapse of three to six months. No effort, so far as the record discloses, was made to secure a continuance prior to the day set for the trial. All of plaintiff's witnesses (from other counties) were present. Some of them were doctors who were difficult to secure because of their occupation. A motion for continuance is addressed to the sound discretion of the court under all the circumstances of the case, and an appellate court will not reverse a judgment be-

cause of the action of the lower court on such motion, unless such action is plainly erroneous. *State* v. *Hamrick,* 112 W. Va. 157, 163 S. E. 868; *State* v. *McCoy,* 107 W. Va. 163, 148 S. E. 127; *Davis & Moore* v. *Walker,* 7 W. Va. 447. If the defendant felt that he could not safely go to trial for the reason stated at the bar of the court, he should have given timely notice of his intention to apply for the continuance prior to that date.

At the trial, which was concluded on April 1st, it appeared that plaintiff had a "foot drop". Dr. Wilson (witness for plaintiff) and Dr. Ralston (witness for defendant) testified that in their opinion the condition of the foot was due to the injury to plaintiff's leg when struck by the truck. The former also stated that he was "beginning to feel now that it (the injury) is permanent", although he qualified this statement by adding that the boy would not fully recover unless the nerve damage is "repaired either by nature or by surgery." Dr. Haldren (witness for plaintiff) stated that the condition was permanent. Dr. Haldren's withdrawal from the practice in recent years and his failure to answer certain technical questions only goes to the weight of his testimony which was appraised by the jury in plaintiff's favor. Dr. Ralston and Dr. Hoge (witness for defendant), however, expressed the opinion that the "foot drop" was temporary and that in time nature would cure it. Here the issue of permanency of injury was clearly presented to the jury. On the conflict, the same was resolved in favor of the plaintiff. In such cases, the amount of recovery cannot be measured by any definite rule. So the trial court would not be warranted in setting aside the verdict merely because it was larger than he might think it ought to have been. We do not think the amount of the verdict is such as to indicate passion or prejudice on the part of the jury.

On the issue of liability there was a sharp conflict. According to the driver of the truck, defendant's sole witness on this issue, plaintiff ran out from behind a parked car (on witness' right) in front of the truck, then

being operated at fifteen to twenty miles per hour. All other testimony is to the effect that the plaintiff came from the driver's left side of the road; that the driver had a clear view of the plaintiff for at least seventy-five yards back of the point of accident; and that the truck was at that time going at from forty to forty-five miles per hour. Witness Thompson, who was driving in the same direction, stated that he "laid over" for the purpose of letting the truck pass, and that his car was seventy-five yards from the child when the truck came up alongside of his car. This witness also testified that there was no parked car, as described by the driver of the truck. The jury resolved the issue of liability in favor of the plaintiff. We are of the opinion that on this question the verdict is amply sustained by the evidence.

The defendant promptly moved the court to set aside the verdict and grant him a new trial, assigning as grounds, among others, that (1) the court committed prejudicial error against the defendant in overruling his motion for a continuance and requiring him to go into the trial of the case; (2) that the verdict of the jury is excessive and indicates passion, prejudice, mistake and lack of due consideration, and moreover indicates that the jury indulged in conjecture as to the permanency of plaintiff's injuries; and (3) that the verdict is contrary to law and evidence. This motion was overruled on May 9th, the first day of the May regular term, and on the 13th, judgment was entered on the verdict. Defendant objected and excepted and was granted a stay.

Soon thereafter, the defendant secured the services of C. A. Ferguson, an investigator, for purpose of observing the plaintiff. And upon the information thus obtained, based his motion for a new trial on newly-discovered evidence. In his affidavit in support of his motion, defendant stated that plaintiff appeared in court with a brace on his left leg and foot and was at that time using a crutch; that Drs. Ralston and Hoge had given evidence at the trial to the effect the foot drop constituted a temporary condition which nature would repair; that de-

fendant considered the verdict grossly excessive, and that the same must have been predicated on assumption that the injury was permanent; that since trial he has used due diligence to secure evidence as to plaintiff's physical condition; that he engaged Ferguson and that the latter found plaintiff able to walk, run and play like other children without manifesting signs of injury or impairment of ability to move without limping; and that Ferguson and counsel secured affidavits of Evelyn L. Vass and P. D. Barker, both of whom reside near plaintiff's home, to the effect that plaintiff had virtually recovered from the temporary impairment produced by the foot drop. Separate affidavits of Ferguson, Vass and Barker were filed in support of defendant's motion. Plaintiff, after being given time in which to file counter-affidavits, presented more than a dozen to the effect that he was not able to run and play like other children, and that he always wore the brace under his overalls. In this latter group were affidavits of Vass and Barker denying that they ever saw plaintiff running and playing, as set out in their original affidavits.

Upon these affidavits, the trial court, on June 17th (the May term not having yet adjourned), sustained defendants motion to vacate the judgment order, and upon a reconsideration of defendant's motion to set aside the verdict on the ground that the damages allowed were excessive, sustained the same, and set aside the verdict as to quantum of damages on the ground of after-discovered evidence, and awarded a new trial, limited to the quantum of damages. Defendant excepted to this order in so far as it denied the right to reopen on the issue of liability. To the foregoing order plaintiff prosecutes this writ of error.

In view of the contradictory affidavits of Vass and Barker and the secondary nature of defendant's affidavit, the bid for a new trial on newly-discovered evidence was limited to the affidavit of Ferguson, the investigator, showing substantial recovery of plaintiff within a period of less than two months from date of trial. Ferguson's

affidavit, however, was rebutted by the counter-affidavits filed on behalf of plaintiff. Under a somewhat similar situation, this court held that it is for the trial court exercising a sound judicial discretion to say whether a new trial should be granted, and its judgment should not be disturbed, except for plain abuse of that discretion. *Duty* v. *C. & O. Ry. Co.,* 70 W. Va. 14, 73 S. E. 331.

While evidence of the improved condition of a party subsequent to the trial is not strictly speaking newly-discovered evidence (20 R. C. L. 299, sec. 80, and notes, 45 L. R. A. [N. S.] 87; L. R. A. 1915B, 243), yet it may be considered on a motion for new trial only where the supporting affidavits indicate that plaintiff's claim in the first instance was based on fraud or concealment. *Cole* v. *Fall Brook Coal Co.,* 40 N. Y. St. Rep. 834, 61 Hun. 623, 16 N. Y. S. 789. In the absence of a showing of fraud in the instant case, the trial court was not warranted in setting aside the verdict and granting a new trial on defendant's motion. *National Concrete Constr. Co.* v. *Duvall,* 153 Ky. 394, 155 S. W. 757. Moreover, a motion for a new trial should not be granted if the newly-discovered evidence in the supporting affidavits merely tends to mitigate damages. *Nadenbousch* v. *Sharer,* 4 W. Va. 203; *O'Mallery* v. *Illinois Pub. & Printing Co.,* 194 Ill. App. 544; *Nicholson* v. *Clinchfield Coal Corp.,* 154 Va. 401, 153 S. E. 805.

The judgment of the trial court is therefore reversed and the case remanded, with directions to reinstate the verdict and enter judgment thereon.

*Reversed and remanded.*