220 P.2d 477

**PACIFIC GREYHOUND LINES v. BROOKS et al.**

No. 5380.

Supreme Court of Arizona.

July 10, 1950.

Jennings, Strouss, Salmon & Trask, of Phoenix, and J. A. Riggins, Jr., of Phoenix, for petitioner.

Fred O. Wilson, Atty. Gen., Calvin H. Udall, Asst. Atty. Gen., for Corporation Commission.

Langmade & Sullivan, of Phoenix, for Sun Valley Bus Lines, Inc., an interested party.

UDALL, Justice.

This is an original proceeding initiated in this court by petitioner, Pacific Greyhound Lines, a corporation (hereinafter termed Greyhound), against the Arizona Corporation Commission and the individual members thereof. Greyhound is asking that this court prohibit said Commission from taking any further steps to carry into effect the order, entered upon its own motion, di-

341

recting Sun Valley Bus Lines, Inc. (hereinafter termed Sun Valley), holder of certificate of convenience and necessity No. 5234, to commence rendering local passenger service to all intermediate points between Phoenix-Florence or Phoenix-Superior (save and except through passengers between the designated termini).

The Attorney General filed a response on behalf of the respondents Arizona Corporation Commission and the attorney for Sun Valley, the real party in interest, has fully briefed the factual and legal issues presented.

■ To forestall any claim that the matter is now moot by reason of the order having been entered before the alternative writ of prohibition was issued we point out that this order must needs be implemented by further acts of the Commission. Therefore it is in the interest of orderly administration of the law and for the future guidance of the Commission that this court should now determine the issue presented. Corbin v. Rogers, 53 Ariz. 35, 85 P.2d 59. Furthermore this remedy appears proper for as is stated in 42 Am.Jur., Prohibition, Sec. 41, "* * * so long as anything remains to be done under a void judgment or order, prohibition may prevent the doing of it."

■■ This is a companion case to certiorari proceeding in the case of Metropolitan Lines, Inc., v. Brooks, 70 Ariz. ——, 220 P.2d 480. It will be noted that both of these cases are germane to and stem from the

controversy decided by this court on March 13, 1950, in the case of Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 216 P.2d 404, hereinafter referred to as cause No. 4988.

Upon the going down of the mandate in cause No. 4988, attorneys for Greyhound (appellant therein) presented to the lower court a proposed form of "Judgment and Decree on Mandate of the Supreme Court" wherein was incorporated this order, viz.: "3. That the defendant Sun Valley Bus Lines, Inc., a corporation, its officers, agents and servants be, and they are hereby, enjoined and restrained from giving or rendering service between Chandler and Phoenix *and points intermediate thereto.*" (Emphasis supplied.) Attorneys for Sun Valley (appellee therein) objected to the inclusion of the phrase "and points intermediate thereto", this objection was sustained and counsel were directed to prepare a form of judgment omitting same. Whereupon appellants petitioned this court to recall its mandate and modify and amend it in such form and manner as to more clearly set forth the substance of its opinion and decision in the matter. This petition was granted and an amended mandate was issued incorporating the precise phraseology quoted above. Also for the reasons hereinafter stated, this statement, to wit: "The rights, if any, of appellee under certificate of convenience and necessity No. 5234 were not presented or considered in this cause", was added to the amended mandate.

The operative rights of Sun Valley to serve from Phoenix (over the same highways used by Greyhound) the Winkleman-Hayden-Hayden Junction-Kelvin District-Ray and Sonora areas under certificate No. 5234 were in nowise an issue in cause No. 4988. On the other hand Sun Valley's rights, if any, to render intermediate local service in the Tempe-Mesa and Chandler areas under *any* certificate of convenience and necessity were necessarily very much an issue. However, Sun Valley failed to advance certificate No. 5234 as a basis for such operations or as a defense to the injunctive relief sought.

While we have held in the certiorari matter, supra, decided today, that certificate No. 5234 does not authorize local service to intermediate points between Phoenix-Florence and Phoenix-Superior, yet, even assuming that it did, in deciding this prohibition matter we would necessarily be required, on the principle of *res judicata*, to hold that the question had been resolved against Sun Valley, the real party in interest. We make this statement because an analysis of the pleadings and proof in cause No. 4988 indubitably shows that amongst the issues raised by the complaint and cross complaint were those as to the legal right and authority of Sun Valley under *any order or certificate of convenience and necessity issued by the Commission* (1) to operate over the routes and highways now in question, and (2) to render local service to intermediate points therein, excepting only locally between Phoenix and Mesa. "It is the general rule that a judgment in favor of a plaintiff is res adjudicata as against the defendant, not only on every issue raised by the defendant *but upon every issue which he could have raised as a defense against the complaint * * *".* (Emphasis supplied.) Stewart v. Phoenix. Nat. Bank, 49 Ariz. 34, 47, 64 P.2d 101, 107. Since this pronouncement was made, this court by the adoption of the Federal Rules has expressly made this principle a part of our rules of procedure under the heading "Waiver of Defenses". Rule 12(h), now Sec. 21-436, A.C.A.1939. See also 49 C.J., Pleading, Sec. 200, p. 182; Trico Electric Cooperative v. Ralston, 67 Ariz. 358, 196. P.2d 470.

If Sun Valley relied upon certificate No. 5234 as authority for its operations in the territory heretofore enjoined in cause No. 4988 it had the bounden duty to come forward and assert it in that suit. Having failed to do so, the judgment in that case has become final and conclusive as to all matters therein decided as well as all matters and issues that were germane or could have been decided. Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229; Taylor v. Betts, 59 Ariz. 172, 124 P.2d 764; Miller v. Kearnes, 45 Ariz. 548, 46 P.2d 638; Fischer v. Hammons, 32 Ariz. 423, 259 P. 676.

The undisputed and uncontradicted evidence in cause No. 4988 concerning docket 8178-A-5289 covering certificate No. 5234 was that it did not involve the territory

in question. Sun Valley was then relying upon certificates numbered 5278, 5295 and 5296 as authority for its operations. It certainly would create an intolerable situation for it to now be permitted to say it was really operating in that territory under certificate No. 5234. If any dignity and respect is to be given to judicial proceedings, and if there is to be any end to litigation, such tactics can not be countenanced. The Commission, acting through its majority members, with Commissioner Wright dissenting, improperly appraised the situation as they had no jurisdiction to fly in the face of our decision by ordering Sun Valley to commence service to such intermediate points when there was, at that time, a judgment in full force and effect enjoining such operations. By way of illustration we point out that this court has had occasion several times to make it clear to lower courts that they are without jurisdiction to render a judgment "differing one jot or tittle" from that which this court has directed. See State v. Griffith, 54 Ariz. 436, 96 P.2d 752; Sam v. State, 33 Ariz. 421, 265 P. 622 and Ferguson v. Superior Court, 59 Ariz. 314, 127 P.2d 131. This rule is equally binding upon any lower tribunal exercising quasi-judicial functions such as the Arizona Corporation Commission. Possibly the clearest expression of this rule and the reason for it is found in the case of State v. Superior Court, 22 Ariz. 452, 197 P. 537, 539:

"A judgment of this court imports absolute verity. It must be regarded as free from all error. It is final and conclusive upon the superior courts and the judges thereof, and they may not question such judgment, neither are they permitted to hamper or impede the due and timely execution of such judgment.

" * * * The rule is, when a judgment is affirmed by this court, all questions raised by the assignments of error and all questions that might have been so raised are to be regarded as finally adjudicated against the appellant. * * *

" * * * It is obvious that any other view would tend to bring about a deadly conflict between the jurisdiction and power of this court and the jurisdiction and power of the superior court or the judge thereof, and would necessarily result in hampering and impeding the administration of the law and bring the law into disrepute and disfavor and deprive it of the respect and reverence of the people of the state. This must not be. It cannot be. * * *"

It should be apparent that the Commission by the entry of the order here under review has attempted to nullify and, in effect, set aside a decision of this court as well as the decree entered in the lower court pursuant to the amended mandate of this court. Such being the case the Commission in directing Sun Valley to render a service theretofore enjoined was palpably wrong and was acting wholly without jurisdiction and said order is therefore declared to be null and void.

344

If the Tempe, Mesa, Chandler and Williams Field area is being inadequately served by the certificated carriers we submit that Commissioner Wright, in his dissent, has pointed the way to correct the situation. We quote: " * * * If adequate service is not being rendered by authorized carriers in the area the statutes of this State provide a method by which this Commission may direct such service to be provided. This Commission has the power to determine what service is needed and direct authorized carriers to provide it. If they fail or refuse to do so, the Commission is then empowered to issue operating rights to those who will provide it."

The alternative writ of prohibition is made peremptory.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.