ASSAD, d. b. a. NAN'S CAFE, Appellant, v. STATE DEPARTMENT OF LIQUOR CONTROL, Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4746.   Decided June 2, 1952.

H. David Lefkowitz, Marvin L. Gardner, Edward N. Koppelman, Cleveland, for appellant.

C. William O'Neill, Atty. Genl., Brown W. Pettit, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Court of Common Pleas sustaining the motion to vacate its judgment of June 29, 1951, which affirmed an order of the Board of Liquor Control revoking the appellant's D-1 and D-2 liquor permits. The applicable provisions of the order appealed from are the following:

"The Court upon further consideration finds that appellant, subsequent to the Board's order but prior to the Court's decision, has been declared a bankrupt; that the permits herein involved became a part of the bankrupt estate, and that the only ones to suffer by the Board's order of revocation would be the creditors.

"The Court, therefore, sua sponte, orders, adjudges and decrees that the order of the Board of Liquor Control, revoking appellant's D-1 and D-2 liquor permits, be and the same hereby is reversed; that the restraining order hereinbefore issued be vacated; and that the appeal be dismissed at appellees' costs. To all of which the appellees except."

The question here presented is whether the bankruptcy of the permit holder subsequent to the revocation of the permit is a sufficient reason for the reversing of the order of the Liquor Board upon the application of the trustee in bankruptcy. An examination of the record reveals that the case was submitted to the Common Pleas Court solely upon the record made in the hearing before the Liquor Board. Since the adjudication in bankruptcy was made after the order of revocation it becomes apparent that it is foreign to the record. All of counsel admit that the record supports the Board's order, but counsel for the trustee in bankruptcy urges that should the order appealed from be reversed, the only sufferers would be the creditors of the bankrupt estate rather than the alleged wrongdoer, Mary Assad. This may well be true but the Common Pleas Court had no jurisdiction to try the case de novo. **Farrand v. Medical Board, 151 Oh St 222.** Since the case was submitted on the record made before the Board its judgment must stand or fall upon that record. Matters happening after the trial cannot be considered as newly discovered evidence on which to justify granting a new trial. **Hutt v. Young, et al., 47 Oh Ap 390.**

In the case of **State, ex rel. v. O'Brien, 130 Oh St 23,** in considering the revocation of a liquor permit the Court said at page 27:

"It follows that if the permit is terminated in a lawful manner under the provisions of the act creating it, the licensee cannot complain as his license to operate was issued to him subject to that contingency. The holdings are uniformly to the effect that such a license does not create a property right within the constitutional meaning of that term, nor even a contract, and that it constitutes a mere permission to engage in the liquor business, which may be revoked in the prescribed legislative manner. La Croix v. County Commissioners, 49 Conn., 591. 50 Conn., 321; Sprayberry v. City of Atlanta, 87 Ga., 120. 13 S. E., 197; Martin v. State, 23 Neb., 371, 36 N. W., 554; Metropolitan Board of Excise v. Barrie, 34 N. Y., 657; .Gubin v. City of New York, 150 Misc., 182, 269 N. Y. S., 46; People, ex rel. Reuther, v. Sisson, 101 Misc., 429, 167 N. Y. S., 134. Practically the same rule has

been applied to fishing licenses: State v. Pulsifer. 129 Me., 563, 152 A., 711; State v. Cote, 122 Me., 450, 120 A., 538; to boxing licenses: State, ex rel. Orleans Athletic Club, v. Louisiana State Boxing Commission. 163 La., 418, 112 So., 31; to soft drink licenses: Appeal of Bornstein, 126 Me., 532, 140 A., 194; to milk licenses: People, ex rel. Lodes. v. Dept. of Health, 189 N. Y., 187, 82 N. E., 187; to hack or carrier licenses: **Sylvania Busses, Inc., v. City of Toledo, 118 Oh St 187,** 160 N. E., 674; Burges v. Mayor and Aldermen of Brockton, 235 Mass., 95, 126 N. E., 456; Child v. Bemus, 17 R. I., 230, 21 A., 539; to pool table licenses: Commonwealth v Kingsley, 133 Mass., 578; and to teachers' licenses: Stone. Supt., v. Fritts. 169 Ind., 361, 82 N. E., 792, 15 L. R. A. (N. S.), 1147. As appears in these cases, the rule in many states is that such revocation may take place without notice or hearing, unless, of course, the statute provides otherwise."

We find that the permits involved herein were revoked in the manner prescribed by statute.

It may be further noted that a trustee in bankruptcy, duly appointed and qualified, becomes vested by operation of law with the title of the bankrupt as of the date of adjudication. U. S. C. Title 11, Par. 110. In the case at bar the bankrupt had no permit on the date of the adjudication the same having been revoked several weeks prior thereto. Therefore, even conceding these permits to have property rights the trustee in bankruptcy could have been vested with no interest in the same.

The judgment will be reversed and the order of the Liquor Board affirmed.

HORNBECK, PJ, WISEMAN, J, concur.