416 P.2d 594

**J. Del ROGERS, a minor, by and through his Guardian ad Litem, Kay Rogers, Petitioner,**

v.

**Honorable Jack L. OGG, Judge of the Superior Court of Yavapai County, Arizona, and the Mountain States Telephone & Telegraph Company, a Colorado corporation, the real party in interest, Respondents.**

**No. 8792.**

Supreme Court of Arizona,
In Banc.

July 14, 1966.

Charles M. Brewer, Phoenix, and Favour & Quail, Prescott, for petitioner.

Fennemore, Craig, Allen & McClennen, John J. O'Connor, III, Linwood Perkins, Jr., Phoenix, for Mountain States Telephone & Telegraph Co.

BERNSTEIN, Vice Chief Justice.

On March 17, 1966 this court affirmed a jury verdict in favor of petitioner, Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 412 P.2d 272, and subsequently entered a mandate directing:

"* * * that judgment be entered upon the jury verdict in favor of plaintiff, with interest from May 11, 1961, the date of rendition of the verdict * * *" ·

On May 23, 1966, approximately two months after we handed down our decision, the respondent Mountain States, without leave of this court, filed with the Superior Court of Yavapai County (1) a motion to stay the judgment pursuant to Rule 62(b), Rules of Civil Procedure, 16 A.R.S., (2) a motion pursuant to Rule 60(c) to be relieved of the judgment for the following reasons:

"[1.] [N]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d);

"[2.] [F]raud."

in which the attached memorandum recited that:

"Defendant has been advised of certain. matters which it believes are grounds for relief under Rule 60(c). Defendant has not been able to fully investigate or establish such matters and cannot do so without the benefit of discovery procedures * * *"

and (3) a motion for leave to take depositions of unnamed persons wherein respondent ·stated that "Unless the depositions defendant wishes to take are permitted, defendant has no way of establishing the grounds of its motion under Rule 60(c) * * *".

The day after respondent Mountain States filed the above motions in the Superior Court, the petitioner filed a writ in this court against Mountain States and the judge of the Yavapai Superior Court seeking alternatively, prohibition, mandamus or a clarification of the mandate. After a hearing, we granted an alternative writ of prohibition commanding the respondent judge to refrain from any further proceedings in the action except to comply with the mandate.

Although we have not faced the precise question before, the federal courts have long held that where the district court is asked under Rule 60(b), Arizona Rule 60(c), to vacate a judgment which has been affirmed on appeal, it has no power to proceed without leave of the appellate court if the requested action would be inconsistent with the previously entered appellate court mandate. The leading case is Butcher & Sherrerd v. Welsh, (3rd Cir.) 206 F.2d 259 where the · respondent persuaded the district court to grant a new trial on the ground of newly discovered evidence though the circuit court had previously affirmed a judgment against respondent. The court said:

"* * * Where a judgment has been affirmed on appeal and the mandate ·handed down it is beyond the power of the lower court to disturb the judgment . without leave. of .the appellate court. This procedure is required by long-settled principles."

\* \* \* \* \* \*

"*·· * * · Rule 60(b)', * * * does not confer uporí District Courts the power to alter or amend a judgment which has been affirmed by this court or the Supreme Court, for such alteration would affect the decision of the reviewing court, which it is not within the power of the District Courts to do." 206 F.2d at 262; See also 7 Moore's Federal Practice, ¶ 60.30(2), p. 339.

This court has held in a civil action that when it modifies the judgment of a lower court and, as modified, affirms it, our mandate becomes conclusive and binding upon the lower court and the judge thereof who is thereafter without jurisdic-

tion to "render a judgment differing in one jot or tittle from that which this Court directed it to render." Spector v. McFate, 95 Ariz. 88, 89, 387 P.2d 234. We have also said:

> " 'A judgment of this court imports absolute verity. It must be regarded as free from all error. It is final and conclusive upon the superior courts and the judges thereof, and they may not question such judgment, *neither are they permitted to hamper or impede the due and timely execution of such judgment.'* " Pacific Greyhound Lines v. Brooks, 70 Ariz. 339, 343, 220 P.2d 477, 479. (Emphasis supplied)

In criminal cases we have held that the trial court is without power to stay a judgment of this court. State ex rel. Ronan v. Superior Court in and for Maricopa County, 94 Ariz. 414, 385 P.2d 707. These civil and criminal decisions necessarily imply that a party seeking to avoid under Rule 60(c) a judgment and mandate of this court must apply directly to this court. Accordingly, we approve of the construction placed upon Rule 60(c) by Butcher & Sherrerd v. Welsh, supra, and hold that when this court has heard an appeal, rendered judgment and entered its mandate thereon, any party to the action who thereafter seeks to vacate or modify the judgment pursuant to Rule 60(c) must first apply to this court for permission to file the motion.

 Respondent asks us to consider its papers filed in response to this petition as an application for leave to proceed with its motions before the Superior Court of Yavapai County. Our task is to screen out attacks upon the judgment that are clearly without merit. We will allow the trial court to entertain a Rule 60(c) motion if the applicant presents to us the necessary averments, supported by affidavits or other acceptable evidence, making out a prima facie case for relief under Rule 60 (c). Butcher & Sherrerd v. Welsh, supra;

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L. Ed. 1250; 7 Moore's Federal Practice, supra, pp. 341, 907.

 Respondent's "newly discovered evidence" consists of affidavits indicating that after the original trial petitioner graduated from high school and has completed six semesters at Arizona State University while carrying a normal work load. Respondent also offers the affidavit of the psychiatrist who testified for respondent at the original trial. The affidavit recites that in view of petitioner's schooling since the trial, the psychiatrist's original opinion is reaffirmed that petitioner could not have suffered permanent brain damage. Respondent's allegation of fraud is based upon its conclusion from the above facts that petitioner intentionally misrepresented his physical and mental condition to the psychiatrist who testified on his behalf at the trial. Petitioner offers a counter-affidavit of his trial psychiatrist reaffirming his original opinion of petitioner's condition considering the subsequent developments of petitioner's schooling, etc.

It is well established that evidence must have existed at the time of trial before it can qualify as newly-discovered evidence. States Exploration Company v. Reynolds, Okl., 344 P.2d 275; Assad v. State of Ohio, Ohio App., 127 N.E.2d 631; Cawood v. Cawood, Ky. 329 S.W.2d 569; Rogers v. Goforth, 121 W. Va. 239, 2 S.E.2d 903; Woods v. Kentucky Traction & Terminal Co., 252 Ky. 78, 65 S.W.2d 961; Wagner v. Loup River Public Power Dist., 150 Neb. 7, 33 N.W.2d 300; Rayor v. United States, (9th Cir.) 323 F.2d 519. Contra: Forshagen v. Payne, Tex. 225 S.W.2d 229.

The reason for the rule and its clear application to the instant case was aptly stated in Woods v. Kentucky Traction & Terminal Co., supra:

> "The courts, upon considerations of public policy, as a rule are not favorable

to the granting of new trials on newly discovered evidence claiming to show a changed condition subsequent to trial, which, as has been said, 'may tend to imperil the security of judgments, may lead to interminable delay in arriving at definite determinations in actions, may be productive of multitudinous and exasperating applications for new trials in cases, *particularly where verdicts rest in any degree upon expert evidence as to future resultant conditions reasonably to be apprehended.' Especially are they inclined to regard with disfavor evidence as to subsequent events disproving the character or extent of bodily injury for which recovery was had, as where subsequent to a trial for damages for personal injuries something occurs showing that the bodily condition of plaintiff was not such in fact as was supposed to be by the jury.*" 65 S.W.2d at 964 (Emphasis added)

The affidavits mentioned above are the only evidence offered by respondent to support its allegation of fraud and are obviously inadequate to support such an inference. Rogers v. Goforth, supra.

We agree with the Nebraska court in Wagner v. Loup River Public Power Dist., supra, where the court said:

"* * * In any but a very extraordinary case in which an utter failure of justice will unequivocally result, a verdict on the evidence at the trial will not be set aside and a new trial granted on the basis of evidence of facts occurring subsequent to such trial." 33 N.W.2d at 304.

This is not such a very extraordinary case.

The alternative writ of prohibition is made permanent.

STRUCKMEYER, C. J., and UDALL and McFARLAND, JJ., concurring.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this case.