544 P.2d 266

**Aureliano H. QUIROZ and Fortino H. Vizcaino, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA, Robert O. Roylston, Superior Court Judge, Division No. 3, and Vicente Alfaro, Respondents.**

**No. 2 CA–CIV 2026.**

Court of Appeals of Arizona, Division 2.

Jan. 6, 1976.

J. C. Padilla, Tucson, for petitioners.

Rosen & Sundeen by Sidney M. Rosen, Phoenix, for respondents.

OPINION

KRUCKER, Judge.

On October 23, 1974, this court affirmed a judgment in favor of petitioners by memorandum decision in the case of *Alfaro v. Quiroz* (No. 2 CA-CIV 1616). Review was denied by the Arizona Supreme Court on January 21, 1975, and our mandate issued on January 28, 1975. On March 26, 1975, respondent Alfaro, in propria persona, instituted another action in superior court. His pleading entitled "Complaint for Relief From Judgment" recited, inter alia, that in a recently concluded lawsuit, Cause No. 137304, a judgment had been rendered in favor of petitioners and that because of the trial judge's bias and prejudice he was denied a fair and impartial trial. He requested relief from the judgment and that it be set aside.

A responsive pleading was filed by petitioners which alleged that the court lacked jurisdiction "to review, affirm or reverse its own judgments brought before it on appeal, particularly judgments previously affirmed by an appellate court in the exercise of its proper jurisdiction." Mr. Alfaro engaged the services of a Phoenix law firm which subsequently filed a motion for change of venue to Maricopa County on the ground that no superior court judge in Pima County was qualified to act in the proceedings. Petitioners resisted the motion for change of venue and filed a motion for summary judgment alleging, in substance, that they were entitled to judgment as a matter of law because "an action involving the same parties and the same

subject matter has been previously adjudicated in this Court and finally disposed of on appeal to the Court of Appeals, Division Two, with a petition for review having been denied by the Arizona Supreme Court." Appended to the motion for summary judgment was an affidavit of petitioner which recited the details of the prior adjudication and subsequent appellate proceedings. A copy of the memorandum decision of this court was also appended thereto. The thrust of the opposition to the motion for summary judgment was that there was a genuine dispute as to a material fact, i. e., whether the trial judge was so biased and prejudiced as to deprive Mr. Alfaro of his right to a fair and impartial trial.

The motion for summary judgment was denied, the motion for change of venue was granted, and venue was ordered transferred to Pinal County. Since petitioner had no remedy by appeal, he seeks review by way of special action and we agree that the lower court lacked jurisdiction to grant relief from the judgment previously affirmed by this court on appeal.

The decision of the Arizona Supreme Court in *Rogers v. Ogg,* 101 Ariz. 161, 416 P.2d 594 (1966) is controlling. In *Rogers,* supra, the court stated:

> "[We] hold that when this court has heard an appeal, rendered judgment and entered its mandate thereon, any party to the action who thereafter seeks to vacate or modify the judgment pursuant to Rule 60(c) must first apply to this court for permission to file the motion. . . .
>
> \* \* \* \* \* \*
>
> We will allow the trial court to entertain a Rule 60(c) motion if the applicant presents to us the necessary averments, supported by affidavits or other acceptable evidence, making out a prima facie case for relief under Rule 60(c). (Citations omitted)" 101 Ariz. at 163, 416 P. 2d at 596.

When the lower court was presented with the uncontroverted fact of our affirmance and mandate, the mandate was conclusive and binding and the respondent court lacked jurisdiction to grant Rule 60(c) relief.

The order denying the motion for summary judgment and granting the change of venue is therefore vacated with directions to enter an appropriate order consistent with this opinion.

HOWARD, C. J., and HATHAWAY, J., concur.