739 P.2d 819

Roy H. **BRYFOGLE,** Plaintiff/Appellee,

v.

**ARIZONA DEPARTMENT OF CORRECTIONS,** Defendant/Appellant.

No. 2 CA–CV 5931.

Court of Appeals of Arizona, Division 2, Department B.

April 2, 1987.

Review Denied July 7, 1987.

Michael E. St. George, Tempe, for plaintiff/appellee.

Ronald A. Lebowitz and Louis A. Goodman, Phoenix, for defendant/appellant.

## OPINION

HATHAWAY, Chief Judge.

This is an appeal based on strictly procedural issues. Appellee Bryfogle was discharged for cause from his position as correctional program supervisor for adult probation in July of 1982. An administrative hearing on his termination and related matters was held on September 8, 9, 10, 29 and 30, and October 1, 26 and 27, 1982. On December 15, 1982, the hearing officer's recommendation to dismiss appellee was adopted by the Arizona State Personnel Board.

Appellee appealed to the superior court and received a ruling in his favor on October 31, 1983. The Arizona Department of Corrections then appealed to this court. In a memorandum decision dated October 3, 1984, this court reversed the decision of the superior court and reinstated appellee's dismissal. Appellee filed a motion for reconsideration with this court on October 18, 1984, which was denied on November 16, 1984. Appellee then filed a petition for review in the supreme court on December 10, 1984, which was denied on March 5, 1985. This court issued the mandate to the superior court on June 4, 1985, ordering the superior court to comply with the decision entered on October 3, 1984.

Appellee then filed a motion for permission to file a motion for reconsideration with the supreme court as required by Rule 60(c), Rules of Civil Procedure, 16 A.R.S., and *Rogers v. Ogg*, 101 Ariz. 161, 416 P.2d 594 (1966). Appellee asked the appellate courts to grant the superior court the authority, on remand, to consider the applicability of the recent U.S. Supreme Court case of *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The appellee contemporaneously filed an identical motion with this court, and a motion for a stay of proceedings in the superior court pending resolution of the motions before the appellate courts. The superior court granted the stay on June 15, 1985.

Appellee's motion for permission to file a motion for reconsideration was supported by a memorandum of points and authorities wherein appellee set forth his belief that *Loudermill* not only applied to his case, but required the Arizona Supreme Court to reverse the court of appeals and reinstate the superior court decision of October 31, 1983. Appellee's motion for permission to file a motion for reconsideration was denied by the supreme court on June 12, 1985, and by this court on July 16, 1985.

On January 29, 1986, appellee filed a motion to implement and modify the mandate issued by this court on June 1, 1985, to comport with *Loudermill*. The superior court, on August 18, 1986, entered judgment in favor of appellee. The trial court found that it had jurisdiction, and that the appellate courts' denial of permission to file a motion for reconsideration was not a disposition on the merits of the matters raised in the petition. The court concluded that, because the appellate courts' ruling had not addressed the issue of *Loudermill's* applicability to appellee's case, it had not only the power but the obligation to do so. The court then found that *Loudermill* applied because the appellee's case was pending when *Loudermill* was decided, and modified this court's mandate to reinstate the decision of the superior court of October 31, 1983. Appellant was ordered to reinstate appellee to his position at the Arizona Department of Corrections as of July 9, 1982, with all benefits accrued, plus costs. The Arizona Department of Corrections appeals.

Both parties frame the issue on appeal as whether the superior court had jurisdiction

to supercede the mandate issued by this court. We conclude that the superior court exceeded its jurisdiction and reverse.

■ Where a mandate has issued giving a trial court specific directions, the trial court is generally not free to deviate from the mandate. *Tovrea v. Superior Court*, 101 Ariz. 295, 419 P.2d 79 (1966). Appellee argues, however, that where the law has changed while the case is still pending, the trial court is free to ignore the mandate and follow the law as changed. *Jordan v. Jordan*, 132 Ariz. 38, 643 P.2d 1008 (1982). Appellee argues that his case was still pending when *Loudermill* was decided and thus, under *Jordan*, the trial court had jurisdiction to disregard the appellate court's mandate and enter judgment in accordance with the new law.

*Jordan* is distinguishable from the appellee's case. In *Jordan*, the court of appeals held that a statute pertaining to the division of joint tenancy property was prospective only in its application, and ordered the trial court to reconsider the division of property in the underlying divorce action. After the mandate issued, but before the trial court could implement it, the statute was amended, giving it both retrospective and prospective operation. The trial court was thereby given jurisdiction by statute to make the property division as set out in the original decree.

The Arizona Supreme Court upheld the trial court's judgment in *Jordan* even though contrary to the court of appeals' mandate. However, the court took pains to note that the legislature had specifically given the trial court jurisdiction to make the division of property. The court's holding that the trial court could modify the mandate was based primarily on the fact that the statute specifically allowed the trial court to act as it had. Additionally, the court noted that the trial court was left in a conundrum—not knowing whether to conduct the necessary further proceedings in accordance with the statute or with the mandate.

■ In the instant case, the trial court, on remand, needed to conduct no further proceedings, other than to reinstate the decision of the hearing officer. Although, based on language in *Jordan,* appellee may technically be correct that his case was "pending" [1] when *Loudermill* was decided, practically speaking, this is not so. Appellee had exhausted all avenues of appeal. His case had been decided by this court. He had filed the appropriate motion for reconsideration and petition for review. Both had been denied and our mandate issued. All that remained was for the trial court to reverse its original judgment. Thus, because nothing needed to be done by the trial court, nothing was pending at the time of the *Loudermill* decision, and the trial court was not caught in a conflict between a statute and the appellate court mandate.

Appellant argues that the appellate courts considered and rejected the applicability of *Loudermill* to appellee's case when this court and the supreme court denied appellee's motion for permission to file a motion for reconsideration. Appellee, however, argues, and the trial court agreed, that the denial of such a motion was not a decision on the merits.

A party seeking to vacate or modify a decision after the supreme court has entered judgment must first apply to the supreme court for permission to file a motion. *Rogers v. Ogg, supra.* The court stated:

> Our task is to screen out attacks upon the judgment that are clearly without merit. We will allow the trial court to entertain a Rule 60(c) motion if the applicant presents to us the necessary averments, supported by affidavits or other acceptable evidence, making out a prima facie case for relief under Rule 60(c).

Id. 101 Ariz. at 163, 416 P.2d at 596.

It seems obvious that, in order for the appellate court to perform the "screening

1. The supreme court stated in *Jordan:*
   ... the lower court may deviate from the mandate and apply different law from that specified by the appellate court where, while the case is pending, and in the interim between the rendition and implementation of the mandate, there has been a change in the controlling law. (Footnote omitted)
   132 Ariz. at 44, 643 P.2d at 1014.

out" function, it must have considered appellee's memoranda, including any effects *Loudermill* might have on the court of appeals' decision. *Rogers* clearly requires the party seeking relief from a judgment to supply affidavits and present a prima facie case for such relief. The obvious reason for such a requirement is so that the appellate court can decide whether the petitioner has grounds for relief. It appears to us to be impossible to decide that question without reaching the merits. While it may not be clear exactly what the rationale was behind the decision, lack of specificity alone does not render either court's decision "procedural", as appellee contends. The supreme court was given the opportunity to consider appellee's arguments concerning *Loudermill's* effect on the court of appeals' decision. The court denied appellee permission to file a motion for reconsideration. That decision and ours were on the merits.

We conclude that the trial court exceeded its jurisdiction when it failed to implement the mandate of the court of appeals. The decision of the superior court is reversed and the court is ordered to comply with the decision rendered on October 3, 1984.

LIVERMORE, P.J., and LACAGNINA, J., concur.