863 P.2d 917

**OPI CORPORATION**

v.

**PIMA COUNTY; Arizona Department of Revenue.**

**No. TX 92–01125.**

Tax Court of Arizona.

Nov. 15, 1993.

Louis B. Schaeffer, P.C. by Louis B. Schaeffer, Phoenix, for plaintiff.

Pima County Atty. by Alison K. North, Tucson, for defendant.

## OPINION

SCHAFER, Judge.

The issue in this case is whether a party may be relieved of a final judgment under Rule 60(c)(2) based upon a fact which arose after entry of judgment. He may not.

On October 21, 1992, OPI Corporation (OPI), the taxpayer, filed an action contesting the 1992 valuation of property located in Pima County. OPI paid the taxes for the first half of 1992, but before the second half taxes were due on May 3, 1993, the parties settled and the Court signed a judgment on April 16, 1993. Neither the settlement agreement nor the judgment said anything about payment of the second half taxes. OPI did not pay the second half taxes and they became delinquent.[1]

The Government now asks this Court for relief from its stipulated judgment pursuant to Rule 60(c)(2) claiming OPI's failure to pay the second half taxes is "newly discovered evidence." Because of the failure to pay, and the fact A.R.S. § 42–177(E) requires a taxpayer to pay its taxes before it can maintain an appeal, the Government argues the Court lost or never had jurisdiction to sign the final judgment and that judgment must now be vacated.

OPI argues there can be no retroactive loss of jurisdiction under section 42–177(E) once a final judgment is signed—even when the taxpayer does not later pay its second half taxes. The Court agrees with OPI; the judgment will not be vacated.

## ANALYSIS

### 1. Newly Discovered Evidence

Rule 60(c)(2) of the Arizona Rules of Civil Procedure provides a court may relieve a party from a final judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d). . . ." It is well settled evidence

---

1. At oral argument it came to light OPI's timely payment of the first half of the 1992 taxes was an amount sufficient to cover the entire amount of property taxes due for 1992 taking into consideration the valuation reduction. Thus, in reality, there are no 1992 taxes delinquent on the subject property. In fact, OPI will be receiving a refund of 1992 taxes from the Government.

must have existed at the time of trial or judgment before it can qualify as newly discovered evidence. *Rogers v. Ogg*, 101 Ariz. 161, 163, 416 P.2d 594, 596 (1966).

The Government's "newly discovered evidence" is an affidavit showing *after* the final judgment was entered OPI failed to pay the second half of its 1992 taxes. The Government argues this is "newly discovered evidence" because it was a fact not discoverable until the May 3rd payment deadline passed; after entry of the judgment. While it is true the Government could not have known in April whether OPI would pay the second half taxes due in May, the Government could, and should, have anticipated an untimely or nonpayment and entered into its settlement negotiations and stipulated judgment with that in mind. Nowhere is this consideration reflected in the Judgment or Stipulation of Judgment presented to this Court.

The Government has not presented this Court with any evidence discovered after entry of the judgment which *existed* at the time the judgment was entered. Thus, the Government has not presented any evidence which qualifies as "newly discovered evidence" under Rule 60(c)(2). Consequently, the Government is not entitled to relief from the final judgment entered in April.

**2. Jurisdiction of the Tax Court**

■ Section 42–177(E) provides in pertinent part:

> E. All taxes levied and assessed against property on which an appeal has been filed by the owner thereof shall be paid under protest prior to the date that tax becomes delinquent.... If such taxes are not paid prior to becoming delinquent ... the court shall dismiss the appeal.

■ When interpreting a statute, this Court looks primarily to the language of the statute itself. When that language expresses a clear unequivocal standard, the Court will interpret the statute accordingly, and look no further for guidance. *Rio Rico Properties v. Santa Cruz County*,

172 Ariz. 80, 834 P.2d 166 (1992). This standard seems rather clear here.

The Government asserts "[w]here the taxes at issue are not paid timely, the appropriate resolution of the case is by dismissal." That is appropriate because that is what the statute requires. However, as to this particular case it overlooks the fact that this case was resolved by a final judgment entered *before* the second half taxes became delinquent. Section 42–177(E) requires this Court to dismiss an "appeal" when taxes are not timely paid, but there is no appeal here and there has not been for some time. Once the judgment was signed in April the case was over in this Court. The only thing left for either party to do was to proceed to the next step—an appeal to a higher court—and that was not done. Consequently, there is no appeal left to dismiss under section 42–177(E).

The Government has not pointed this Court to any case, nor has the Court found one on its own, which supports the Government's argument of a retroactive loss of jurisdiction by this Court. When the final judgment was entered this Court had full jurisdiction over this appeal.

**CONCLUSION**

The final judgment was entered by this Court when it had jurisdiction over the appeal. That judgment will not be vacated on the basis of facts which did not exist at the time the judgment was entered. Neither, is there any provision in the statutes requiring, or enabling, the Court to vacate a final judgment entered prior to the taxes at issue becoming delinquent.

IT IS ORDERED denying the Government's Motion to Vacate Judgment and Motion to Dismiss.

This opinion is not a final, appealable judgment. See *Denevir Associates v. City of Phoenix*, 169 Ariz. 500, 821 P.2d 161 (1991).