14 P.3d 292

**U S WEST COMMUNICATIONS, INC., Plaintiff/Appellee.**

v.

**ARIZONA DEPT. OF REVENUE, an agency of the State of Arizona, and Apache, Cochise, Coconino, Gila, Graham Greenlee, La Paz, Maricopa, Mohave, Navajo, Pima, Pinal, Santa Cruz, Yavapai, and Yuma Counties, Political Subdivisions of the State of Arizona, Defendants–Appellants.**

**No. CV–00–0022–PR.**

Supreme Court of Arizona, En Banc.

Dec. 20, 2000.

Fennemore Craig, P.C., by Paul J. Mooney, William Gates, Phoenix, Attorneys for U S West Communications, Inc.

Janet A. Napolitano, Arizona Attorney General, by Frank Boucek, III, Phoenix, Attorneys for Arizona Department of Revenue and Counties.

## OPINION

FELDMAN, Justice,

¶ 1 We granted review in this case to determine whether we should continue to follow the rule that a party seeking to obtain relief from a judgment entered after remand from an appellate court must first apply to the appellate court for permission to pursue its motion in the trial court. We conclude that we should not continue to follow that rule and therefore overrule *Rogers v. Ogg,* 101 Ariz. 161, 416 P.2d 594 (1966), which held that permission is required. We have jurisdiction pursuant to Arizona Constitution article VI, section 5(3) and A.R.S. § 12–120.24 (1992).

1. The tax court, a department of the Superior Court in Maricopa County, is established by A.R.S. § 12–161 (1992) as the trial court that

## FACTS AND PROCEDURAL HISTORY

¶ 2 In September 1996, U S West Communications brought an action in tax court [1] against the Arizona Department of Revenue and all fifteen Arizona counties (collectively the Department) challenging the 1996 valuation for ad valorem tax purposes of some of U S West's property. In that action, U S West challenged the Department's interpretation of the pertinent statutes, alleging the Department incorrectly determined the Class 3 value of its property and that as applied by the Department, the statute resulted in a discriminatory tax. U S West moved for and obtained summary judgment, and the Department's cross-motion for summary judgment was denied. On appeal, however, the court of appeals held that the Department properly interpreted and applied the statutes, rejected U S West's constitutional challenge to those statutes, and ordered that judgment be entered in favor of the Department. *U S West Communications, Inc. v. Arizona Dep't of Revenue,* 193 Ariz. 319, 324, 972 P.2d 652, 657 (App.1998). We denied review, and on remand the tax court entered the appropriate judgment on the court of appeals' mandate.

¶ 3 Some months later, U S West filed a timely motion under Rule 60(c), Ariz.R.Civ. P., to set aside the judgment, arguing that the Department deprived it of its "day in court" and its opportunity to present evidence of *de facto* discrimination. Claiming excusable neglect, U S West argued that Rule 60(c)(1) provided a basis for relief for its failure to present the evidence because the trial judge's grant of summary judgment precluded it from doing so. It also argued that it was entitled to relief under Rule 60(c)(2) because of newly discovered evidence that its competitors were receiving disparate and more favorable treatment from the Department. Finally, U S West sought alternative relief under the catch-all provision of Rule 60(c)(6).

¶ 4 Because the court of appeals' mandate had issued, *Rogers* required that U S West first seek permission from that court to file

exercises original jurisdiction over cases involving the legality of any tax, impost, or assessment.

its Rule 60(c) motion in the tax court. *See Rogers*, 101 Ariz. at 163, 416 P.2d at 596. Therefore, U S West filed a protective motion with the court of appeals, seeking its permission to pursue Rule 60(c) relief in the tax court. Given the *Rogers* rule, the tax court stayed proceedings on the motions pending the court of appeals' ruling. The court of appeals noted U S West's argument that *Rogers* should no longer be followed but concluded it was bound by our decisions and had no authority to overrule or disregard them. Because U S West failed to support its motion with the "necessary averments, supported by affidavits or other acceptable evidence, making out a prima facie case for relief under Rule 60(c)," the court of appeals denied U S West permission to file the Rule 60(c) motion in the tax court. Order, December 2, 1999, citing *Rogers*.

¶ 5 We granted U S West's petition for review to examine whether we should continue to follow the *Rogers* rule in light of developments since it was articulated in 1966. We note that the *Rogers* rule has no basis in the text of the rules and conclude we should not continue to follow our previous cases on the subject.

## DISCUSSION

■ ¶ 6 In *Rogers*, we held that a motion for relief from a judgment on the grounds of newly discovered evidence and fraud could not be filed in the trial court after the case had been appealed and decided by this court. We required, instead, that a litigant seeking relief from a judgment entered pursuant to an appellate court mandate must first obtain permission from the appellate court. This rule was necessary, we said, because a lower court was without power "to disturb the judgment without leave of the appellate court" that had ordered its entry. *Rogers*, 101 Ariz. at 162, 416 P.2d at 595 (quoting *Butcher & Sherrerd v. Welsh*, 206 F.2d 259,

262 (3d Cir.1953)). Any other rule would permit the trial court to render a judgment different from what the appellate court ordered and would "hamper or impede" the enforcement of the judgment ordered. *Id.* at 163, 416 P.2d at 596 (quoting *Pacific Greyhound Lines v. Brooks*, 70 Ariz. 339, 343, 220 P.2d 477, 479 (1950)). In reaching these conclusions, we relied on the "leading case" of *Butcher & Sherrerd v. Welsh*.

¶ 7 Ten years after we decided *Rogers*, the United States Supreme Court abandoned the rule requiring appellate leave prior to seeking relief from a judgment entered pursuant to an appellate court mandate. *See Standard Oil Co. v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). The Court found arguments that favored requiring appellate leave, such as those made in *Butcher & Sherrerd*, were "unpersuasive." *Id.* at 18, 97 S.Ct. at 32. The Court noted that the mandate was based on the record and issues before the appellate court during the appeal and did not deal with later occurring events or discoveries. Thus, the trial judge would not flout the mandate by ruling on a motion for relief. *Id.* Nor would the interest in finality of judgments be impaired more after appeal than in any other Rule 60(c) proceeding. *Id.* at 18–19, 97 S.Ct. at 32. Concluding, finally, that there was no reason to doubt the ability of trial judges to properly rule on motions for relief from judgment and to "recognize" those that were frivolous, the Court decided that trial judges were "in a much better position [than appellate courts] to pass upon the issues presented" in Rule 60(c) motions. *Id.* Thus, the Court held that the "appellate-leave requirement adds to the delay and expense of litigation and also burdens the increasingly scarce time of the . . . appellate courts." *Id.*

¶ 8 We believe the points made by the United States Supreme Court are persuasive.[2] Of course, questions arise, as they

---

**2.** Shortly after *Butcher & Sherrerd* was decided, the Advisory Committee on Rules for Civil Procedure issued a proposed amendment to Rule 60, Fed.R.Civ.P., that would have removed the requirement of seeking leave from the appellate court. 12A CHARLES ALAN WRIGHT, ARTHUR P. MILLER, MARY KAY KANE AND RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE App. F, at 769 (1955 Report

of the Advisory Committee, Proposed Amendments to the Rules of Civil Procedure for the United States District Courts) (2000). In its note supporting the amendment, the Advisory Committee stated that:

An appellate court cannot know whether the requirements for reopening a case . . . are actually met without a full record which must

**104**

may have in this case, whether certain issues were settled on appeal, whether motions were properly documented or supported, or whether evidence was truly newly discovered, but we believe trial judges are better equipped to resolve these and similar problems than appellate courts.

¶ 9 For obvious jurisprudential reasons, we are quite reluctant to overrule our past decisions but more willing to do so on procedural matters than on substantive issues. *State v. Salazar*, 173 Ariz. 399, 417, 844 P.2d 566, 584 (1992). Procedure, after all, must evolve fairly rapidly to meet changing conditions. *Id.* Stability in substantive matters is required, however, except in rare situations in which, for example, there have been fundamental societal or economic changes, or evolution in legal theory or case law which demonstrates that a common law rule must change. *Cf. In re Rights to Use Water in Gila River*, 175 Ariz. 382, 389, 857 P.2d 1236, 1243 (1993), *with Ontiveros v. Borak*, 136 Ariz. 500, 504, 667 P.2d 200, 204 (1983), *and Darner Motor Sales v. Universal Underwriters*, 140 Ariz. 383, 393, 682 P.2d 388, 398 (1984).

¶ 10 In the present case, we deal with a procedural matter. While we are not required to follow United States Supreme Court decisions on non-federal issues, procedural uniformity is a desirable and important objective, absent serious disagreement with that Court's reasoning. *See Orme School v. Reeves*, 166 Ariz. 301, 304, 802 P.2d 1000, 1003 (1990) (citing *Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 464, 799 P.2d 801, 805 (1990)); *cf. Logerquist v. McVey*, 196 Ariz. 470, 481–90, 1 P.3d 113, 124–33 (2000).

## CONCLUSION

¶ 11 We believe the reasoning of *Standard Oil* is compelling and therefore adopt the

obviously be made in the district court. The amendment expressly negates any such barren requirement.
*Id.* at 770. The proposed amendment was not made, but *Standard Oil* obviated the need by removing the leave requirement.

3. We also disapprove the pertinent portions of cases decided by this court and the court of

rule followed in that case. We thus overrule *Rogers v. Ogg*[3] insofar as it deals with the present issue and hold that relief under Rule 60 from a judgment entered pursuant to an appellate court mandate may be sought without first obtaining permission from the appellate court and without first seeking recall of the mandate. In this and future cases, trial courts may entertain Rule 60 motions and take appropriate action without leave from an appellate court. In the present case, therefore, the motion for permission to file is denied as unnecessary, and the trial judge is directed to proceed as he deems appropriate with U S West's pending motions for relief from or modification of the judgment. Of course, we express no opinion on the propriety of granting or denying relief.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, FREDERICK J. MARTONE, Justice, and RUTH V. McGREGOR, Justice.

appeals on the authority of *Rogers. See, e.g., Peabody Coal Co. v. Navajo County*, 117 Ariz. 335, 338, 572 P.2d 797, 800 (1977); *Bryfogle v. Arizona Dep't of Corrections*, 153 Ariz. 598, 600–01, 739 P.2d 819, 821–22 (App.1987); *Quiroz v. Superior Court*, 25 Ariz.App. 442, 443, 544 P.2d 266, 267 (1976).